Herbert L. TRAVERS, Appellant,

v.

UNITED STATES, Appellee.

No. 2167.

Municipal Court of Appeals for the
District of Columbia.

Argued May 19, 1958.

Decided Oct. 2, 1958.

——◆——

Perry W. Howard, Washington, D. C.,
with whom John A. Shorter, Jr., Washington, D. C., was on the brief, for appellant.

Louis M. Kaplan, Asst. U. S. Atty.,
Washington, D. C., with whom Oliver
Gasch, U. S. Atty., Carl W. Belcher and
Francis L. Young, Jr., Asst. U. S. Attys.,
Washington, D. C., were on the brief, for
appellee. Lewis Carroll, Asst. U. S. Atty.,
Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was convicted by the court, sitting without a jury, of possessing a blackjack.[1] This appeal claims error in the refusal of the trial judge to grant appellant's motion to suppress the weapon on the ground that it was obtained through an illegal search and seizure. The circumstances surrounding the procurement of this evidence were as follows:

1. Code 1951, § 22–3214(a) (Supp.VI).

Appellant was observed by two police officers at 4:30 a. m. operating an automobile at a high rate of speed. The officers turned on their red light and siren and gave chase. Appellant increased his speed, made several turns, passed a stop sign, extinguished his lights and then parked at a curb and laid down on the car seat. The officers approached the car, arrested appellant, and searched his person. Thereafter, one of the officers got in appellant's car with him and directed him to drive to the precinct, a distance of a quarter of a mile. The other officer followed in the scout car. At the station, appellant locked his car and was taken inside where he was charged with several traffic offenses. While he was being booked, one of the policemen obtained appellant's car key from him, went outside to the car, searched it, and found the blackjack in question on the front floor board underneath the steering wheel. Appellant's own estimate was that about ten minutes elapsed from the time he entered the station until he was asked for his key.

No contention is made by appellee that the search of the car without a warrant can be justified on the ground that the officers had probable cause to believe that the car contained that which by law was subject to seizure, such as existed in Brinegar v. United States, 1949, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, reaffirming Carroll v. United States, 1925, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790. Appellee's position is that the search was proper solely as an incident to appellant's arrest, conceded by him to have been valid. Appellant's attack upon the search is twofold.

Initially, appellant contends that the requirement, that a search incident to an arrest be conducted contemporaneously with the arrest, was not met here because the search did not occur at either the time or the place of the arrest. While many cases have defined the right to search incident to an arrest as one limited to a search "contemporaneously" conducted, only a few have actually been confronted with a factual situation in which there was an appreciable interval of time between the arrest and the search. The leading case on this point, on which appellant relies, is Rent v. United States, 5 Cir., 1954, 209 F. 2d 893. In that case the defendant was validly arrested in his car at about midnight for various violations of the federal narcotics laws. He was taken to jail and his car was impounded, driven to a police department parking lot and locked. "Routine processing" of the defendant was concluded at 4 a. m. At about 10:30 the next morning, or about 10½ hours after the arrest, the car was searched and items of incriminating evidence were discovered. The court held that under all the circumstances the search was unreasonable. Particular stress was placed on the fact that the car was safely in police custody, that considerable time had passed since the original arrest, and that there was no showing of any necessity for dispensing with a search warrant.

The ruling in Rent was followed and applied in Shurman v. United States, 5 Cir., 219 F.2d 282 certiorari denied 1955, 349 U.S. 921, 75 S.Ct. 661, 99 L.Ed. 1253. The car in Shurman was left parked beside the highway after the arrest, but again the police had the car keys and the car was not likely to be disturbed. The court felt that this difference was immaterial and held the search illegal. In Bartlett v. United States, 5 Cir., 1956, 232 F.2d 135, however, the search of a car shortly after it had been taken to a garage following an arrest, was sustained on the ground that the search was substantially contemporaneous with the arrest and that there was no such "unreasonable delay"[2] as appeared in the Rent case.

On reason and the authority of these cases, it is our conclusion that the search in the instant case was not illegal by virtue of the lapse of time between the arrest and the search. In our opinion none of the ra-

2. 232 F.2d at page 139.

tionale of the Rent case is present. The delay here was at most ten or fifteen minutes; the search was "substantially contemporaneous." The car was under appellant's control, not in the custody of the police. There was no opportunity to apply for a warrant. In addition, it should be noted that an immediate search of the car at the place where appellant was arrested would very likely have been difficult and impractical, and that it would have been much more convenient to conduct the search at the station.[3]

Alternatively, appellant urges that considering all of the circumstances of this case the search of his car was an unreasonable one. We agree. The right to search incident to an arrest is a limited, not a general, right. It cannot be used to justify a general exploratory search. It is the right

> " * * * contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody * * *."[4]

In the present case, if appellant's car had been searched at the time and place where the arrest occurred, as an incident to the arrest, such a search would have been proper. The police would certainly have such a right if for no other reason than their own protection, in view of appellant's highly suspicious behavior, although the search could not be justified as one aimed at discovering the "fruits and evidences" of the crime, since there are no "fruits and evidences" of the instant crimes, i. e., traffic violations. However, after appellant had been safely delivered to the custody of the police station, there was no longer any necessity for the police to search the car in order to protect themselves, or to discover a means that might be used to effect an escape from custody. Consequently, the search must have been in the nature of an exploratory search which is forbidden. The search, therefore, was illegal, and its product, the blackjack, should have been suppressed as evidence.

We do not wish to be understood as condemning the search of a car as an incident to an arrest in every instance. As we have indicated, if the car here had been searched at the time and place of the arrest, it would have been proper. In addition, if appellant had been arrested not for traffic violations but for a crime such as larceny, a search at either the place of arrest or the police station would have been justified on the ground that the officers had the right to look for the thing stolen, the "fruit and evidence" of the crime. We hold only that under all the circumstances in this case this search was unreasonable.

Reversed.

---

3. Cf. Kernick v. United States, 8 Cir., 1957, 242 F.2d 818.

4. Agnello v. United States, 1925, 269 U.S. 20, 30, 46 S.Ct. 4, 5, 70 L.Ed. 145.