**Harry McGEE, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5377.**

District of Columbia Court of Appeals.

Argued Sept. 22, 1970.

Decided Nov. 6, 1970.

Frederick C. Timberlake, Washington, D. C., appointed by this court, for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Frederick G. Watts, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and KERN, Associate Judges.

HOOD, Chief Judge:

This is an appeal from a conviction for carrying a pistol without a license in violation of D.C.Code 1967, § 22–3204. Appellant's chief contention [1] is that the trial

---

1. Appellant's additional contention that the trial judge erred in disallowing Officer Platt to testify as to what he would have done had he not found the pistol merits little attention. The court was concerned with what the officer did under the facts of this case, not with what the officer might have done under a different set of facts.

court erred in denying his motion to suppress the weapon on the ground that it was obtained as the result of an illegal search and seizure. The facts giving rise to this contention are set forth below.

On the evening of November 28, 1968, Officer Platt observed appellant operating an automobile at an excessive rate of speed in an easterly direction on Benning Road, N.E.[2] The officer turned on his red light and siren falling in behind appellant. When appellant refused to stop, Officer Platt pulled alongside his car on the right and, through the public-address system, asked appellant to pull over to the curb. At this time, Officer Platt observed appellant reach down below the front seat of the automobile toward the floorboard and apparently place something under the seat. Appellant still refused to pull over whereupon Officer Platt placed his car in front of appellant's vehicle and stopped him. After obtaining appellant's driver's license and registration, Officer Platt asked appellant to step out of his car. At this moment, another officer arrived on the scene and stood by appellant. Officer Platt then reached under the seat and recovered the weapon in question.

Appellant contends that the warrantless search of his automobile was constitutionally infirm on the ground that the officer lacked probable cause to conduct the search. We believe the search was reasonable and proper as incident to a lawful arrest.[3]

■ An arrest occurs at that point in time when the officer has effectively restrained the defendant and he is cognizant of that restraint, not necessarily that point in time when the officer formally declares that the accused is under arrest.[4] Although Officer Platt did not verbally inform appellant that he was under arrest until after he found the pistol, the following set of circumstances was sufficient to constitute an arrest prior to the search: bringing appellant to a halt, obtaining his driver's license and registration, ordering him to step out of his car and directing a second officer to stand by appellant.[5] The traffic violation committed in the officer's presence provided sufficient basis for the arrest. Taylor v. United States, D.C.App., 259 A.2d 835 (1969).

Appellant further argues that the arrest was a "sham" to justify the search. We do not agree. An examination of cases in which the search of an accused's automobile was held illegal since it was made under the guise of a pretended arrest for a traffic violation reveals that the police harbored a predetermined notion or suspicion, formed prior to the occurrence of the traffic violation, that the accused might be engaged in unlawful activity.[6] This is not the situation here. In the present case, the officer first became aware of circumstances giving rise to his suspicions that appellant might be engaged in unlawful activity after the commission of the traffic offense.

■ The next question to determine is the validity of the search. The test to be applied is one of reasonableness. Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). The fact that a search is incident to an arrest does not of itself satisfy the constitutional requirement that the search be reasonable.[7] There is no right to make a general exploratory search of a vehicle incident to an arrest.

2. Appellant was clocked at 45 m. p. h. in a 30 m. p. h. zone.

3. *See* Travers v. United States, D.C.Mun. App., 144 A.2d 889 (1958).

4. United States v. Washington, 249 F.Supp. 40, 41 (D.D.C.1965) citing Kelley v. United States, 111 U.S.App.D.C. 396, 298 F.2d 310 (1961).

5. Although an arrest was established under the facts of this case, we do not mean to suggest that an arrest occurs in every instance where a police officer detains a traffic offender. Brown v. United States, 125 U.S.App.D.C. 43, 46 n. 4, 365 F.2d 976, 979 (1966).

6. *See* Annot., 10 A.L.R.3d 314, 322–328 (1966).

7. *See* Travers v. United States, *supra* n. 3.

**350**

Travers v. United States, D.C.Mun.App., 144 A.2d 889, 891 (1958). Rather, the right is a limited one [8] and its reasonableness should be defined on the facts and circumstances of the present case.

 Officer Platt made several attempts to stop appellant and finally had to cut in front of his vehicle in order to bring appellant to a halt. When appellant leaned forward and reached down toward the floorboard, he was aware that the officer wanted him to stop. As pointed out in People v. Jiminez, 143 Cal.App.2d 671, 674, 300 P.2d 68, 70 (1956), "It is a natural impulse on confrontation to hide immediately any contraband" that may be in one's possession. The significance of appellant's movement is that it was made simultaneously with the realization that he was about to be halted by the police. The police officer, therefore, was reasonably justified in suspecting that appellant was attempting to conceal contraband or the instrumentality of a crime. Thus, the search of appellant's automobile in the area in which it appeared that he was attempting to hide such was reasonable, and the product of the search was admissible in evidence.[9]

Affirmed.

---

8. *Id.* at 891.

9. People v. Shapiro, 213 Cal.App.2d 618, 28 Cal.Rptr. 907 (1963) ; People v. San-son, 156 Cal.App.2d 250, 319 P.2d 422 (1957) ; State v. Boykins, 50 N.J. 73, 232 A.2d 141 (1967).