**UNITED STATES of America**

**v.**

**Reginald T. BROWN, Appellant.**

**No. 71–1755.**

United States Court of Appeals, District of Columbia Circuit.

April 12, 1972.

---

41. *Ante* p. 944.

Mr. Dorsey Evans, Washington, D. C. (appointed by this court) was on the brief for appellant.

Messrs. Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Roger E. Zuckerman, and Miss Ruth R. Banks, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

The sole issue in this appeal from a narcotics conviction (26 U.S.C. 4704(a) ) is the propriety of the District Court's denial of appellant's motion to suppress heroin capsules found in his possession.

On June 9, 1970, Metropolitan Police Officer Elijah Wade, on patrol in an area in which he had frequently observed what appeared to be narcotics transactions, saw appellant and another man alternately occupying a telephone booth without using the telephone. His suspicions aroused, Officer Wade approached the two men and identified himself. He noticed that appellant's eyes were glassy, and concluded, on the basis of his experience with addicts, that appellant was "high" on narcotics. The officer also noticed, protruding from appellant's shirt pocket, a cream-colored envelope of the type in which he had found narcotics on previous occasions.[1] He seized the envelope, which the court ruled to have been in plain view, and examined its contents. Finding that it held 145 capsules containing a white powder, Officer Wade formally notified appellant that he was under arrest.

■■ Even though a suspect has not formally been placed under arrest, a search of his person can be justified as incident to an arrest if an arrest is made immediately after the search, and if, *at the time of the search,* there was probable cause to arrest. Bailey v. United States, 128 U.S.App.D.C. 354, 389 F.2d 305 (1967). *See also* United States v. Gorman, 355 F.2d 151 (2d Cir. 1965), cert. denied, 384 U.S. 1024, 86 S. Ct. 1962, 16 L.Ed.2d 1027 (1966). We conclude that Officer Wade had probable cause to arrest appellant at the time he removed the envelope from the latter's pocket.

A combination of four factors was sufficient to lead Officer Wade reasonably to believe that a narcotics offense was being committed by appellant. First, the place was "an area in which the police know that narcotics offenses frequently occur." United States v. Davis, 147 U.S.App.D.C. 400, 458 F.2d 819 (March 16, 1972). Officer Wade testified that he had observed numerous suspected narcotics transactions there, and in fact had seen known addicts

---

1. On the previous night Officer Wade had approached a group of known addicts on the same corner, and, when they fled, recovered a similar cream-colored envelope containing over twenty-five capsules.

abandon a number of capsules at the same corner on the previous night. Second, appellant's eyes were glassy, indicating to a person with the officer's experience that he was an addict who had possessed narcotics in the recent past. Third, appellant's conduct with respect to the telephone booth was unusual, and raised the possibility that he was using the booth to traffic in narcotics or to shield himself while injecting narcotics. Fourth, and most important, the envelope protruding from appellant's shirt pocket was of the exact type in which Officer Wade had previously found narcotics.

Standing alone, any one of these four factors would likely be insufficient to justify an arrest. Together, however, they raised a reasonable probability, if not a certainty, that appellant had contraband narcotics in his possession. Probable cause requires no more. *See* Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

Affirmed.