**Rudolph C. WATTS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6399.**

District of Columbia Court of Appeals.

Argued Sept. 19, 1972.

Decided Dec. 7, 1972.

---

8. Smith v. District of Columbia, 89 U.S.App.D.C. 7, 13, 189 F.2d 671, 677 (1951).

John J. Hurley, Washington, D. C., appointed by this court, for appellant.

Lawrence H. Wechsler, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, Richard L. Beizer and Peter O. Mueller, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This is an appeal from a conviction for carrying a pistol without a license in violation of D.C.Code 1967, § 22–3204. The trial court heard and denied appellant's motion to suppress as evidence a pistol recovered from appellant's automobile. Trial was held without a jury resulting in appellant's conviction and sentence to 30 days in jail and a fine of $50. The only issue raised on this appeal is the denial of the motion to suppress which prompts us to review the record to determine what occurred on the night of November 17, 1971. Not finding facts to justify the warrantless search as being reasonable, we are compelled to hold that the motion to suppress should have been granted.

At approximately 10 p. m. on the night in question, an officer of the Metropolitan Police was seated in his scout car parked in the 1300 block of 12th Street, Northwest. His companion officer had entered an apartment building on the east side of 12th Street. While sitting in his car, the officer heard a squeal of tires as appellant's car turned from N Street, Northwest onto 12th Street. Appellant pulled up alongside of the squad car, then backed into a driveway directly across the street.

The officer, who was in uniform, got out of the scout car and approached appellant's vehicle "to ascertain the registration and permit". As he reached the middle of 12th Street, his partner, who was coming out of the apartment building, said, "Look out. . . . That man is bent over, inside the car."

The officer testified: "So I observed Mr. Watts at that time, bent over, inside of his vehicle, making movements . . . he was making movements towards the middle of the car, towards the dashboard." As he approached appellant's car he ordered him out. Appellant hesitated and then "got out very quickly, locked the car quickly, and put the keys in his pocket very quickly. He acted very nervous to me." The officer asked appellant "if [he] could have the keys, to look inside the car." Appellant at first refused to give the keys to the officer, but after several requests he produced them. The officer then searched the area of the vehicle in which he had seen appellant bending over. When he looked into the glove compartment, which

was located in the middle of the dashboard, he found a loaded pistol. The second officer also testified and essentially corroborated the testimony of the arresting officer.

The testimony does not indicate that appellant was asked any preliminary investigative questions at the scene concerning his identity, his home address or where he was going at the time. Neither was there any testimony that he was asked for his driver's permit or car registration. At no time did the officers tell appellant he was under arrest, nor was any alleged violation of law pointed out to him until after the search of the car.

The officer also testified: "After I requested the keys several times, he did produce them, and I looked inside the car." The officer's testimony fails to establish that the search was incident to an arrest or for the protection of the officer, but rather it was the main thrust of the investigation. We know of no authority to support such a search as reasonable.

■■■ There is no right to make a general exploratory search incident to a traffic arrest. McGee v. United States, D.C. App., 270 A.2d 348, 349 (1970). When the search is made without a warrant, it must be with probable cause or bear some reasonable relationship to the crime for which the arrest is made or to the safety of the officer if it is to come within one of the exceptions to the warrant requirement described in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); United States v. Humphrey, 409 F.2d 1055 (10th Cir. 1969).

In United States v. Green, D.C.Cir., 465 F.2d 620 (1972), the court said in speaking of the fourth amendment's proscription against unreasonable searches:

The exception relevant to our instant inquiry, search incident to arrest, is justified when used to remove any weapons the arrestee might seek to use in order to resist arrest or effect his escape; or when used to seize the fruits, implements or evidence of the crime for which the arrestee is seized in order to prevent its destruction. Chimel v. California, 395 U.S. 752, 762–763, 89 S.Ct. 2034, 23 L. Ed.2d 685 (1969); Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Carroll v. United States, 267 U.S. 132, 45 S. Ct. 280, 69 L.Ed. 543 (1925); Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). . . . [465 F. 2d at 621–622.]

■■ It does not appear from the testimony, arguments or briefs that the offense of driving so as to cause unnecessary noise was called to appellant's attention or even that the officers had such a charge in mind. No evidence has been called to our attention establishing this search as being reasonably related to the offense of squeaking tires. Nor does it appear reasonably related to the protection of the officer.[1] The officers could have had no reasonable fear the accused would try to obtain a weapon from a locked car to attack them and effect an escape. Further, the police at that point had no grounds for taking him into custody. Only a citation would issue for this violation and the subject would then be released. Neither can the search be justified as being for the purpose of seizing the fruits, implements or evidence of the crime, for there were none. People v. Superior Court of Yolo County, 3 Cal.3d 807, 91 Cal.Rptr. 729, 478 P.2d 449 (1970).

If the touchstone of warrantless searches is to be "reasonableness" then the search must be "reasonably related in scope to the circumstances which justified the interference in the first place." Terry v. Ohio, 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889

---

1. Lane v. Commonwealth, 386 S.W.2d 743 (Ky.1964); Annot., 10 A.L.R.3d 314 (1966); United States v. Green, D.C. Cir., 465 F.2d 620 (1972).

(1968). We find the element of reasonableness lacking here.

The Government relies heavily on McGee v. United States, *supra,* and United States v. Green, *supra,* but those cases arose out of fact situations much more likely to cause the police reasonable apprehension for their safety than the facts do in the case at bar.

In *McGee* the defendant, who was seen speeding in a car, refused to heed the officer's siren and bull horn. In order to stop the defendant, the police had to speed past him and then cut in front of his car to force him to stop. As the police car passed McGee, he was seen to reach down below the front seat and apparently place something under the seat. The accused was ordered out of the car and asked to produce his permit and registration which he did. The court upheld a search of the front area of the car incident to the arrest. The police clearly had a right to arrest the defendant, but of equal importance, they had cause to be concerned about the reason for his attempted flight.

In *Green,* likewise relied on by the Government, the accused was driving his car at an excessive rate of speed. When the police followed him he ran a stop sign and was seen to lean over with his arm in front of his body. After he was stopped he was ordered out of the car and an officer leaned inside through the open car door and pulled a fully loaded pistol from under the driver's seat, which the court upheld as a protective search.

■ We have no problem with either of those decisions. The facts here simply do not present the same justification for a search. Unlike *McGee* and *Green,* there was no police chase, no refusal to stop when ordered and no arrest, although appellant clearly had been detained for investigation. There was no failure to cooperate on the part of appellant who had stopped and parked his car voluntarily. These circumstances, particularly in view of the fact the subject had gotten out of the car and locked the doors, do not support a protective search of the car. Only the so-called furtive movements of the appellant are common to all three cases. While such movements by a suspect, who has cause to believe he is about to be arrested, can be of considerable significance in light of other factors, there are few, if any, articulable facts here to indicate that "criminal activity may be afoot." Terry v. Ohio, *supra.* The furtive movements standing alone do not warrant such a search. United States v. Humphrey, *supra*; People v. Superior Court of Yolo County, *supra*; People v. Pitts, 40 Mich. App. 567, 199 N.W.2d 271 (1972). Under the circumstances here the officer's mere suspicion cannot be transformed into probable cause to search by reason of ambiguous conduct of this nature. Wong Sun v. United States, 371 U.S. 471, 484, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Brown v. State, 481 S.W.2d 106 (Tex.Cr.App.1972).

The search here, not being within any of the aforementioned exceptions to the warrant requirement, cannot be said to have been reasonable, and accordingly was in violation of the protection of the fourth amendment. Since we are still bound by the exclusionary rule,[2] the motion to suppress should have been granted.

Reversed.

---

2. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct.

2022, 29 L.Ed.2d 564 (1971), *but cf.* Black, J., dissenting at 496.