**Warren F. JOHNSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10695.**

District of Columbia Court of Appeals.

Submitted Nov. 24, 1976.

Decided Jan. 10, 1977.

Dennis M. O'Keefe, Washington, D.C., appointed by the court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, William D. Pease, Charles H. Anderton, Jr., and Sallie H. Helm, Asst. U. S. Attys., Washington, D.C., were on the brief for appellee.

Before KELLY, GALLAGHER and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellant was convicted of the possession of marijuana in violation of D.C. Code 1973, § 33–402. He challenges the trial court's denial of his motion to suppress the drug as evidence, alleging that it was seized in violation of his Fourth Amendment rights. We disagree and affirm.

One night at about 9:00 p.m., two Metropolitan Police officers patrolling in an unmarked car in Georgetown received a report from a convenience store that several men appeared to be "casing" it for a robbery. (The store and an adjacent one had been robbed several times during the prior few months.) The officers located a car two blocks away which was parked illegally, with its lights out and its engine running. They pulled up behind it and began to observe the driver and passengers,

who were looking apprehensively out the windows in several directions. The officers then saw appellant, carrying a brown paper bag, run from a nearby apartment complex and enter the car. When the driver attempted to pull away, the officers (and two plainclothesmen of whose presence they had been unaware) stopped the suspects. One officer shined his flashlight into the car and noticed a dark cylindrical object on the floor. He then ordered everyone out of the car. As appellant was getting out, the officer saw him push the brown paper bag against a box on the rear seat.

The officer retrieved the cylindrical object, which proved to be a wooden dowel, apparently part of an artificial Christmas tree. The officer then picked up the paper bag and squeezed it. During his long experience in making drug-related arrests, the officer had learned that such bags frequently are used in the traffic of marijuana. Suspecting that this might again be the case, he asked appellant: "Well, what do we have here?" Appellant gave a brief reply of resignation and disgust. The officer opened the bag, and found therein about a half-pound of marijuana. He then arrested appellant and seized several boxes from the back seat of the car. In them were three scales and two boxes of manila envelopes containing small envelopes of the type commonly used to package marijuana for sale.

■ The initial decision to place the car under surveillance presents no Fourth Amendment problem. There is no invasion of constitutionally protected privacy in observing what is visible for all to see. *Air Pollution Variance Board v. Western Alfalfa Corp.*, 416 U.S. 861, 94 S.Ct. 2114, 40 L.Ed.2d 607 (1974). *See also Cardwell v. Lewis,* 417 U.S. 583, 591–92, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974).

■ The decision to make inquiry of the suspects was constitutional. The police had been notified of a potential robbery. Here, as in *Jeffreys v. United States,* D. C.App., 312 A.2d 308, 310 (1973), "the circumstances suggest[ed] the likelihood of a stealthy rendezvous and a quick getaway." The occupants' nervousness, the reported robbery preparations, the extinguished headlights, the running engine, appellant's rushing to the car with a bag—which, for all the officers knew at that point, could have contained a gun or the proceeds of a crime—were "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant[ed] that intrusion." *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed. 2d 889 (1968) (footnote omitted). *See Adams v. Williams,* 407 U.S. 143, 145–46, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). We attach little significance to the fact that appellant did not run directly from the direction of the nearby store, but rather from an apartment complex. The police might have thought appellant was taking a circuitous escape route from the convenience store, or that he might have committed a crime in the apartment building.

■ The officer acted constitutionally in squeezing the bag to determine if it contained a weapon. Absent indicia of a crime, the occupants would have been permitted to return to the car, and the bag again would have been within their reach. This was a limited search undertaken for the officer's protection, which was constitutionally permissible. *See Johnson v. United States,* D.C.App., 350 A.2d 738 (1976); *United States v. Thomas,* D.C. App., 314 A.2d 464 (1974); *Young v. United States,* 140 U.S.App.D.C. 333, 337, 435 F.2d 405, 409 (1970). *Cf. Adams v. Williams, supra,* 407 U.S. at 146, 92 S.Ct. 1921; *Terry v. Ohio, supra,* 392 U.S. at 30, 88 S.Ct. 1868.

■ After feeling the bag, the officer had probable cause to open it. It obviously contained a soft, loosely-packed material,

which was likely to have been marijuana. He had seen such bags containing marijuana on many prior occasions. *Cf. Munn v. United States,* D.C.App., 283 A.2d 28 (1971); *United States v. Brown,* 150 U.S. App.D.C. 113, 114 n.1, 463 F.2d 949, 950 n. 1 (1972). Appellant's attempt to push the bag away from himself, and his attitude of resignation in response to the officer's earlier question about the bag's contents, indicated that he knew the bag contained contraband. Here, as in *United States v. Brown, supra,* at 115, 463 F.2d at 951, the combination of factors "raised a reasonable probability, if not a certainty, that appellant had contraband narcotics in his possession. Probable cause requires no more."

*Affirmed.*