Wiley J. CROWDER, Appellant,

v.

UNITED STATES, Appellee.

No. 11842.

District of Columbia Court of Appeals.

Submitted Sept. 22, 1977.

Decided Nov. 29, 1977.

William T. Shannon, Washington, D.C., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, Albert H. Turkus, David W. Stanley, and Charles H. Anderton, Jr., Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KERN, HARRIS and MACK, Associate Judges.

PER CURIAM:

Appellant was charged and convicted of possession of a dangerous drug (D.C.Code 1973, § 33–702(a)(4)) and carrying a pistol without a license (D.C.Code 1973, § 22–3204). On appeal, he argues that the trial court erred in denying his motion to suppress. We affirm.

I.

Two officers on patrol came upon a disorderly crap game at 4:30 a.m. in a high crime area known for "all types of drug deals, guns, just about anything you could think of." The officers called in another car for assistance, and the two cars pulled up alongside the crap game. At this point everyone around began to run, with the exception of appellant Crowder and two others. One of the officers approached Crowder and asked for identification, at which point the latter became very nervous. The officer noticed that appellant was carrying a newspaper under his arm. He further noticed that appellant, in searching for his identification, tried to keep the newspaper shielded from view. Fearing that the newspaper might contain a weapon, the officer either 1) felt the paper while it was still under appellant's arm; or 2) took the paper from appellant and squeezed it. A gun was discovered and Crowder was arrested.

## II.

■ The first issue we must decide is whether the police conduct here amounted to a search and seizure so as to fall within the purview of the Fourth Amendment.

In *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the Supreme Court held that a police "stop" could amount to a "seizure" within the meaning of the Fourth Amendment. The government argues that the interrogation of Crowder could not amount to such a "stop" because appellant was stationary at the time the officer approached him. However, "[i]n *Terry* . . the Court recognized that when an officer stopped a person either by physical force or show of authority, even if only to ask questions, this action nevertheless constituted a 'seizure' within the meaning and protection of the fourth amendment." *Stephenson v. United States,* D.C.App., 296 A.2d 606, 608 (1972), *cert. denied,* 411 U.S. 907, 93 S.Ct. 1535, 36 L.Ed.2d 197 (1973), *citing Terry, supra,* 392 U.S. at 19, 88 S.Ct. 1868. In this case, three policemen alighted from two squad cars near where Crowder was standing, and one of the policemen demanded identification from him. This was a show of authority sufficient to restrain appellant's liberty, and is consequently a "seizure" within the meaning of *Terry.*

In addition, there was clearly a "search" in this case, regardless of whether the officer felt the newspaper while it was still under Crowder's arm or took the newspaper from him first and then squeezed it. The clear holding of *Terry* is that a frisk or a pat-down is a "search" within the meaning of the Fourth Amendment, but one that may be justified in some circumstances. 392 U.S. at 16, 88 S.Ct. 1868.

## III.

The next question facing us, then, is whether the search and seizure was reasonable in this instance. We hold that it was.

■ Appellant's presence at the scene of an observed crime constituted sufficient basis for making further inquiry.

The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. . . . *A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable* in light of the facts known to the officer at the time. [*Adams v. Williams,* 407 U.S. 143, 145–46, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972). (Emphasis added; citations omitted.)]

Compare *Robinson v. United States,* D.C. App., 278 A.2d 458 (1971), holding a stop to be unjustified where there was no indication that any crime had been committed.

Not only was the detention and questioning of appellant reasonable, but the subsequent search was also justified. The officer who searched Crowder testified at the suppression hearing that "most of the time that time in the morning people out in the street shooting crap usually have some type of weapon on them." He further stated that "normally around that time of the morning a person carrying a newspaper at four o'clock in the morning he has to have something in it." Finally, the officer affirmed that he had in the past encountered guns carried in newspapers.

In light of his experience, the policeman could fairly conclude that appellant's nervous manner and his attempt to shield the newspaper from view indicated the presence of a weapon. *See generally Stephenson v. United States, supra.* Whether the officer then squeezed the newspaper while it was in appellant's hands or took the paper from him, the "intrusion was limited to an examination of the very object of hazardous concern" and as such was reasonable under the Fourth Amendment. *Johnson v. United States,* D.C.App., 350 A.2d 738, 742 (1976) (footnote omitted).

The judgment of conviction is

*Affirmed.*