**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Pedro Jolio PRANDY–BINETT, Defendant–Appellee.**

**No. 91–3296.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 8, 1993.

A.J. Kramer, Federal Public Defender, filed a Petition for Rehearing and Suggestion for Rehearing En Banc on behalf of defendant-appellee.

J. Ramsey Johnson, U.S. Atty., John R. Fisher and M. Evan Corcoran, Asst. U.S. Attys., filed an Opposition to Appellee's Petition for Rehearing and Suggestion for Rehearing En Banc on behalf of plaintiff-appellant.

Before: EDWARDS, D.H. GINSBURG, and RANDOLPH, Circuit Judges.

ON APPELLEE'S PETITION FOR REHEARING

RANDOLPH, Circuit Judge, with whom D.H. GINSBURG, Circuit Judge, concurs:

The petition for rehearing charges that our opinion "effectively eviscerates the Fourth Amendment" because it "conjures up a theory of 'conditional probabilities'." "Eviscerate," "conjure"—these are strong words. When they are deployed, their author had better supply some strong reasoning to back them up. Nothing of the sort appears in Prandy–Binett's rehearing petition. There is just more hyperbole.[1] On the assumption that this stems from a misunderstanding

---

**1.** The entire rehearing petition consists of an exercise in the vituperative arts, surpassing even the dissenting opinion in this case. Its charges, each of which is thoroughly discredited in the government's response to the petition, do not deserve repeating.

about probability theory, we offer this brief explanation.

"Many mundane mistakes in reasoning can be traced to a shaky grasp of the notion of conditional probability." J.A. PAULOS, INNU-MERACY: MATHEMATICAL ILLITERACY AND ITS CONSEQUENCES 63 (1988). Dr. Paulos explains:

> Of critical importance in probability theory is the notion of independence. Two events are said to be independent when the occurrence of one of them does not make the occurrence of the other more or less probable.[2]
>
>     \*     \*     \*     \*     \*     \*
>
> Of course, events are often dependent; the occurrence of one of them makes the occurrence of the other more or less likely. . . .
>
> What we wish to ascertain in these cases is the conditional probability that one of these events has occurred or will occur given that the other has occurred or will occur. . . .

J.A. PAULOS, BEYOND NUMERACY: RUMINATIONS OF A NUMBERS MAN 188–89 (1991).[3]

Courts and magistrate judges assessing probable cause necessarily deal with conditional probabilities. Otherwise, a judge would have to examine only one fact at time, without relating that fact to the others, and ask "Did this circumstance create probable cause?" If the answer were no, that fact would be thrown into the dustbin and the judge would pick up the next fact, look it over and ask the same question, and so on. Everyone knows that this is not the way courts (and the police) actually proceed, or should proceed. The events surrounding criminal activity are often quite unlike coin flips, where two heads in a row are irrelevant to the probability of heads on the next toss. Attention must be paid to the question whether events should be considered dependent, to whether the existence of one fact—for example, the wrapping on a package or its configuration or its bulk—makes the existence of another fact—for example, illegal drugs—more probable.[4] This is why our opinion speaks in terms of "conditional probability" rather than the common, but non-descriptive, "totality of the circumstances." *United States v. Prandy–Binett*, 995 F.2d 1069, 1070–72 (D.C.Cir.1993).

To be sure, mathematical values cannot be attached to the individual elements; the opinion expressly acknowledges this. 995 F.2d at 1071. But we still must evaluate probable cause as best we can by considering the combined effect of circumstances. Even the cases selected for citation in the rehearing petition refute any claim that this represents some novel approach, some "conjuring up."[5] *See also United States v. Halliman*,

---

**2.** This is akin to what we call irrelevant evidence. *See* Fed.R.Evid. 401 (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

**3.** "Unless the events A and B are independent, the probability of A is different from the probability of A given that B has occurred." INNUMERACY 63.

**4.** Those who fail to pay sufficient attention fall into the fallacy of thinking, for example, that under our opinion there would be probable cause to arrest anyone carrying a package wrapped in silver duct tape. The mistake is in ignoring that as far as the package was concerned, the probable existence of illegal drugs depended not only on its wrapping, but also on its size and shape—a "kilo-sized" brick, of the sort the officers had found to contain illegal narcotics a hundred times before. *United States v. Prandy–Binett*, 995 F.2d 1069, 1071–72 (D.C.Cir.1993). The proba-

bility would necessarily be different if, for instance, there was a large tube wrapped in duct tape. And it would be still different if a package wrapped in duct tape were being carried from a sheet metal shop or a hardware store.

**5.** The factors identified in the *Prandy–Binett* opinion as supporting probable cause are of two sorts: the duct-tape-wrapped brick, and the attendant circumstances (embarkation city, nervous manner, inconsistent answers, small luggage, seemingly false explanation for brick in perfume bag). The petition stresses cases holding that merely acting suspicious does not give rise to probable cause (or even "articulable suspicion"). *See Moya v. United States*, 761 F.2d 322, 325 (7th Cir.1984); *United States v. Glass*, 741 F.2d 83, 86 (5th Cir.1984); *United States v. Hall*, 978 F.2d 616, 621 (10th Cir.1992). But on this point, we agreed: the officers' suspicions before sighting the duct-tape package were "much too low to have satisfied the Fourth Amendment. . . ." *Prandy–Binett*, 995 F.2d at 1071.

923 F.2d 873, 881 (D.C.Cir.1991); *United States v. Laws*, 808 F.2d 92, 104 (D.C.Cir. 1986). And even our dissenting colleague has endorsed the approach: "Although none of these four factors is adequate by itself to establish probable cause, it is their combination in the particular circumstances confronting Officers Allman and Willis that is the proper subject of consideration." *United States v. Green*, 670 F.2d 1148, 1152 (D.C.Cir.1981). This analysis assumes interdependence. Dr. Paulos gives a simple illustration: "the probability that a person chosen at random from the phone book is over 250 pounds is quite small. However, if it's known somehow that the person chosen is over six feet four inches tall,[6] then the conditional probability that he or she also weighs more than 250 pounds is considerably higher." INNUMERACY 63.

What Dr. Paulos describes as conditional probability others may call clear thinking or common sense. The petition for rehearing lacks both and it is denied.

*So ordered.*

EDWARDS, Circuit Judge, dissents from the denial of rehearing for the reasons given in his statement dissenting from the denial of the suggestion for rehearing en banc.

The remaining line of cases cited in the petition merely stands, at the very most, for the idea that the sighting of a suspicious package *by itself* may be insufficient to support probable cause. *See Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); *United States v. Barrios–Moriera*, 872 F.2d 12, 17 (2d Cir.), *cert. denied*, 493 U.S. 953, 110 S.Ct. 364, 107 L.Ed.2d 350 (1989); *United States v. Cardona–Rivera*, 904 F.2d 1149, 1156 (7th Cir.1990); *United States v. Moreno*, 897 F.2d 26, 33 (2d Cir.), *cert. denied*, 497 U.S. 1009, 110 S.Ct. 3250, 111 L.Ed.2d 760 (1990); *United States v. Thornton*, 733 F.2d 121 (D.C.Cir.1984); *United States v. Brown*, 463 F.2d 949, 951 (D.C.Cir.1972). This proposition, which is no more than dicta in any of these cases, is scarcely inconsistent with our opinion. Given the other circumstances arousing the officers' suspicions, the court was not faced with the question whether sighting the brick alone would have constituted probable cause. Indeed, the far more significant point about this second set of cases is that in each, the court ultimately found probable cause satisfied. Moreover, the court in each case relied upon the cumulation of a number of factors. *See Texas v. Brown*, 460 U.S. at 743, 103 S.Ct. at 1544 ("[common packaging] [i]n addition ... to ... further suggestions ..."); *Barrios–Moriera*, 872 F.2d at 17 ("... police officers are allowed to consider, in addition [to the brick package], the evidentiary value of the items seized in the context in which they were seized ..."); *Moreno*, 897 F.2d at 32 ("'matrix of facts and circumstances ...'"); *Thornton*, 733 F.2d at 127–28 (familiar packaging shows probable cause "especially considering" other reasonable police suspicions); *United States v. Brown*, 463 F.2d at 951 ("Together ... [four individually insufficient factors] raised a reasonable probability, if not a certainty, that appellant had contraband ...").

6. Or plays offensive tackle for a professional football team.