FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

December 21, 2021

Christopher M. Wolpert
Clerk of Court

HOMER RICHARDS,

    Petitioner - Appellant,

v.

J.A. BARNHART, Warden,

    Respondent - Appellee.

No. 21-1176
(D.C. No. 1:20-CV-02624-PAB)
(D. Colo.)

### ORDER AND JUDGMENT[*]

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.

Homer Richards, proceeding pro se,[1] appeals the district court's order denying

him habeas relief under 28 U.S.C. § 2241. For the reasons explained below, we

affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We construe Richards's pro se brief liberally, "but we do not act as his advocate." *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

## Background

In 1989, a jury in the District of Columbia (D.C.) Superior Court convicted Richards of attempted robbery, second-degree murder, and carrying a pistol without a license. The D.C. Superior Court sentenced Richards to life in prison.[2] Richards began serving that sentence at the Lorton Reformatory, a now-closed facility that housed inmates sentenced in D.C.

In 1993, while serving his D.C. sentence, Richards was convicted in federal district court of (1) murdering another Lorton inmate and (2) possessing a shank capable of causing death or bodily injury. The district court sentenced Richards to concurrent sentences of 235 months for the murder and 60 months for possessing the shank. It ordered those sentences to run "consecutively to any sentence now being served." R. 102. At the government's request, the district court recommended that Richards be incarcerated in a federal institution and not at Lorton.

As recommended, Richards was transferred to a federal institution. A form reflecting the transfer states that Richards was "accepted by [the Bureau of Prisons (BOP)] per request of [the Assistant United States Attorney] for protective[-]custody purposes." *Id.* at 130 (capitalization standardized). In December 2019, Richards was paroled from his D.C. sentence "to the consecutive" 235-month federal sentence; his projected release date is in September 2036. *Id.* at 98.

---

[2] The only D.C. Superior Court judgment in the record is dated 1999, but it is undisputed that Richards was originally convicted in 1989.

In August 2020, Richards filed an application for writ of habeas corpus under § 2241. He argued that his 235-month federal sentence commenced when he was transferred, in 1993, from the custody of the D.C. Department of Corrections to federal custody, so his federal sentence is now complete. The district court denied Richards's application, agreeing with the government that Richards's federal sentence did not begin until Richards was received into federal custody "for the purpose of serving his federal sentence," which occurred in 2019. *Id.* at 176 (emphasis omitted) (quoting *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006)). The district court rejected Richards's argument that by transferring him to a federal prison, D.C. relinquished jurisdiction over him, explaining that any such argument was "contradicted by the fact that the D.C. Board of Parole granted [him] parole" in December 2019.[3] *Id.* at 178. The district court also denied Richards's motion to proceed in forma pauperis and later declined to reconsider that ruling.

Richards appeals. "[W]e review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 (10th Cir. 2017) (quoting *al-Marri* v. *Davis*, 714 F.3d 1183, 1186 (10th Cir. 2013)). Under clear-error review, "[w]e will not disturb factual findings 'unless they have no basis in the record.'" *United States v. Jordan*, 806 F.3d 1244, 1252 (10th Cir. 2015) (quoting *United States v. Martin*, 163 F.3d 1212, 1217 (10th Cir. 1998)).

---

[3] The district court also declined to give Richards credit for the time he was imprisoned for his D.C. sentence. On appeal, Richards does not challenge this ruling, so we do not address it.

**Analysis**

Richards contends that he has already finished serving his federal sentence because he began serving it in 1993, when he was transferred to a federal facility. Thus, to resolve this appeal, we must "determine the commencement date of [Richards's] federal sentence." *Binford*, 436 F.3d at 1254. Under 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A prisoner's federal sentence does not begin until he or she is "received into federal custody *for the purpose of serving his federal sentence*." *Binford*, 436 F.3d at 1256 (emphasis added); *see also id.* at 1255 (stating that "federal sentence does not commence until a prisoner is actually received into federal custody" for purpose of serving his or her federal sentence).

Richards argues that his 1993 transfer from Lorton to federal custody relinquished D.C.'s custody over him and started the clock on his federal sentence. We disagree. Richards's argument misunderstands the relationship between federal custody and prisoners convicted under D.C. criminal statutes. Under D.C. Code § 24-201.26, a statute in effect at the time of Richards's D.C. conviction and later transfer from Lorton to the federal facility, individuals convicted of D.C. offenses are "committed, for their terms of imprisonment . . . to the custody of the Attorney General of the United States or his [or her] authorized representative, who shall designate the places of confinements where the sentences of all such persons shall be served." The BOP is an authorized representative of the Attorney General. *See United States v. Ko*, 739

F.3d 558, 560–61 (10th Cir. 2014); *cf. United States v. Wilson*, 503 U.S. 329, 331 (1992) ("The Attorney General, through the [BOP], has responsibility for imprisoning federal offenders."). As a result, because imprisoned D.C. offenders are committed to the custody of the BOP as the representative of the Attorney General, Richards was essentially in a form of federal custody when serving his D.C. sentence at Lorton and at the time of his transfer. *See United States v. Savage*, 737 F.3d 304, 309 (4th Cir. 2013).

With that framework in mind, it becomes apparent why Richards's transfer from Lorton to a federal institution did not start the clock on his federal sentence. First, as a D.C. offender, Richards was already in a form of federal custody while imprisoned at Lorton. Further, the federal sentencing court ordered Richards's federal sentence to run "consecutively to any sentence now being served" and recommended Richards be imprisoned at a federal facility and not at Lorton. R. 102. And critically, the form memorializing the 1993 transfer states that Richards, a "[D.C.] inmate convicted of killing another inmate at Lorton," was "accepted by BOP per request of [an Assistant United States Attorney] for protective[-]custody purposes." R. 130 (capitalization standardized). We therefore see nothing "speculative," Aplt. Br. 15, or clearly erroneous in the district court's finding that Richards's 1993 transfer from Lorton to a federal facility was for protective-custody reasons and not for the purpose of serving his federal sentence. His federal sentence, therefore, did not begin to run at that time. *See Binford*, 436 F.3d at 1254.

Challenging this conclusion, Richards argues that D.C. lost its primary custody over him in 1993 because he was transferred without either (1) a writ of habeas corpus *ad prosequendum* or (2) an order from the United States Attorney General. Federal courts use writs of habeas corpus *ad prosequendum* to "secure the presence, for purposes of trial, of defendants in federal criminal cases, including defendants then in state custody." *United States v. Mauro*, 436 U.S. 340, 358 (1978). And as the government explains, such a writ was not required here because under § 24-201.26, Richards was *already in federal custody*, even while serving his D.C. sentence. *Cf. Savage*, 737 F.3d at 309. Thus, there was no need for the writ, which provides a temporary basis for federal custody of state prisoners.

Similarly, no order from the Attorney General was required. Instead, § 24-201.26 "explicitly permits the Attorney General of the United States, in whose custody violators of the District of Columbia Code are placed, to house [D.C. offenders] in federal institutions . . . *at his discretion.*" *Blango v. Thornburgh*, 942 F.2d 1487, 1491 (10th Cir. 1991) (emphasis added); *see also* § 24-201.26 (providing that Attorney General may "order the transfer of" D.C. offender "from one institution to another if, in his [or her] judgment, it shall be for the well-being of the prisoner . . . or for other reasons"). Thus, Richards's transfer from Lorton to the federal facility amounted to a discretionary transfer by the Attorney General, so this argument fails as well.[4]

---

[4] Richards's reliance on our decision in *Weekes v. Fleming*, 301 F.3d 1175 (10th Cir. 2002), is unavailing. *Weekes* involved a prisoner transferred to federal prison,

Next, Richards argues that D.C. relinquished primary custody over him because, on Richards's telling, one of the counts from his D.C. conviction was later vacated, which altered his original sentence. But Richards did not make this argument in the district court, and it is "the general rule that we do not address arguments presented for the first time on appeal." *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002)). Richards also does not assert on appeal that his argument would succeed under a plain-error standard. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019). And "[w]hen an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise." *Id.* We therefore decline to consider this argument.[5]

---

but from state custody. *Id.* at 1180–81. That is not the case here. Rather, for the reasons we have explained, Richards had been in a form of federal custody all along (even before he was transferred from Lorton to federal prison). *See* § 24-201.26; *Savage*, 737 F.3d at 309. And crucially, the prisoner in *Weekes* was transferred to federal prison *to begin serving his federal sentence. See* 301 F.3d at 1177 (recounting that petitioner "was returned to federal custody" where he pleaded guilty and was then "transferred to the federal penitentiary . . . to begin serving his federal sentence"). Here, by contrast, Richards was transferred to a federal institution for protective-custody purposes. Accordingly, this case is distinguishable from *Weekes*.

[5] Even if we were to overlook this waiver and consider the argument under plain error, Richards would be hard-pressed to meet that standard because nothing in the record suggests Richards's D.C. conviction was partially vacated or that he was resentenced. *See United States v. Green*, 886 F.3d 1300, 1307 (10th Cir. 2018) (declining to consider prisoner's "clean disciplinary record" on appeal because that "fact was never presented to the district court" and "appellate courts are confined to the record before the district court"). There is a D.C. judgment in the record dated June 22, 1999, but it does not state that Richards's original judgment was vacated or that his D.C. sentence was recalculated. Moreover, Richards cites no authority for his contention

Accordingly, D.C. did not relinquish primary custody of Richards in 1993. Instead, it did so in 2019, when it paroled Richards from his D.C. sentence. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (noting that parole is one way that a sovereign generally relinquishes primary jurisdiction over someone). We therefore conclude that Richards began serving his federal sentence in 2019, when D.C. paroled him and he was in federal custody "for the purpose of serving his federal sentence." *Binford*, 436 F.3d at 1256.

A few final matters require our attention. Richards argues that the district abused its discretion when it made factual findings without holding an evidentiary hearing. But Richards did not request an evidentiary hearing in the district court, which he was required to do to preserve the issue for appeal. *See Fairchild v. Workman*, 579 F.3d 1134, 1144 (10th Cir. 2009) (explaining that petitioner "is required to properly request an evidentiary hearing in the district court, because we ordinarily do not decide issues raised for the first time on appeal"). We therefore decline to consider this argument. We further deny Richards's request for appointed appellate counsel because counsel, at this stage, "would not compel a different result." *Cone v. Dowling*, 809 F. App'x 523, 527 (10th Cir.) (unpublished), *cert. denied*, 141 S. Ct. 673 (2020).

---

that a partially vacated and then recalculated nonfederal sentence would terminate that sentence and start the clock on a consecutive federal sentence.

**Conclusion**

Richards began serving his federal sentence in 2019 when he was paroled from his D.C. sentence, not in 1993 when he was transferred from Lorton to federal prison. Accordingly, we affirm the district court's order denying habeas relief.

And having concluded that Richards has demonstrated both "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," we grant Richards's motion to proceed in forma pauperis on appeal. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)).

Entered for the Court

Nancy L. Moritz
Circuit Judge