**Stacy SMITH and Walter R. Jeffries, Appellants,**

**v.**

**UNITED STATES, Appellee.**

**Walter R. JEFFRIES, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**Nos. 4505, 4506.**

District of Columbia Court of Appeals

Submitted Sept. 30, 1968.

Decided Nov. 12, 1968.

Melvin M. Burton, Jr., Washington, D. C., appointed by this court for appellants.

David G. Bress, U.S. Atty., with whom Frank Q. Nebeker, William G. Reynolds, and David C. Woll, Asst. U.S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge:

After trial by jury, appellants Jeffries and Smith were each convicted of petit lar-

ceny.[1] Jeffries was also found guilty of destroying private property.[2] Both contend that their arrests were unlawful and that evidence, seized as the result of an allegedly illegal search, was erroneously admitted at trial.

Three police officers and a detective, cruising in the early morning hours in an unmarked car through an area having a notably high crime rate, observed Jeffries in the back seat of a parked automobile. The seat had been torn apart and Jeffries appeared to be ransacking the rear of the auto. The officers stopped, and as one approached the parked car, appellant Smith, who had been standing nearby, yelled at the officer and moved toward him. The others pushed Smith away, and a short struggle ensued. After identifying himself, the first officer ordered Jeffries out of the car and inquired if it belonged to him. Jeffries admitted it did not. The officer then searched him, and, finding on him a lady's wallet, placed him under arrest. The wallet was traced to a Miss Betty Robinson, to whom the car had been lent. At trial she testified the wallet had been taken from her purse, which she had left in the locked trunk of the automobile.

■ Without a warrant, a police officer may arrest for the misdemeanor of destroying private property only when that crime is committed, or an attempt is made to commit it, in his presence or view.[3] Jeffries argues there was no showing that he was committing or attempting to commit this crime "in the presence" of the arresting officer. The record persuasively refutes this contention. An officer is not required to close his eyes to what is occurring before him.[4] Under the circumstances, appellant's arrest for destroying private property was valid.

■ Whether the arrest of both appellants on the charge of petit larceny was lawful is to be judged by a different standard—i. e., whether the arresting officer had probable cause to believe that the person arrested had in his possession the "fruits of the crime." D.C.Code § 23–306(c) (1967).

■■ Probable cause must be supported by more than mere suspicion on the part of the officer,[5] but it need not be based on evidence sufficient to sustain a conviction.[6] Nor do we require testimony of the deductive processes actually employed.[7] As noted in Jackson v. United States, 112 U.S.App. D.C. 260, 262, 302 F.2d 194, at 196 (1962):

> [P]robable cause is not to be evaluated from a remote vantage point of a library, but rather from the viewpoint of a prudent and cautious police officer on the scene at the time of arrest. The question to be answered is whether such an officer in the particular circumstances, conditioned by his observations and information, and guided by the whole of his police experience, reasonably could have believed that a crime had been committed by the person to be arrested.

Under this test, as applied to the circumstances of this case, it is clear that there was probable cause to arrest appellants. Upon arrest, the officer began his search

---

1. D.C.Code § 22–2202 (1967).

2. D.C.Code § 22–403 (1967).

3. D.C.Code § 4–140 (1967). See also Stephens v. United States, 106 U.S. App. D.C. 249, 271 F.2d 832 (1959).

4. Brooks v. United States, D.C.Mun.App., 159 A.2d 876 (1960).

5. Cormier v. United States, D.C.Mun. App., 137 A.2d 212 (1957).

6. Bell v. United States, 102 U.S.App.D.C. 383, 254 F.2d 82 (1958), cert. den., 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113; Ellison v. United States, 93 U.S.App.D. C. 1, 206 F.2d 476 (1953).

7. Chappell v. United States, 119 U.S.App. D.C. 356, 342 F.2d 935 (1965).

of Jeffries.[8] The policeman had observed Jeffries, late at night and in a neighborhood noted for its high crime rate, tearing out the back seat of a parked car, apparently rifling it. Immediate questioning of Jeffries disclosed that the car did not belong to him. Under these circumstances, it was not unreasonable for the officer to conclude that the purpose of Jeffries' actions was to steal articles from the car and that he might have retained them on his person. Similarly, it was not unreasonable for the officers to infer from Smith's conduct that he was acting as an accomplice or "lookout." We are convinced the arrests were justifiable.

■ We find no error in the admission into evidence of the wallet found on Jeffries as the result of the search. A search incident to a lawful arrest and reasonable in nature does not violate the mandate of the Fourth Amendment against unreasonable search and seizure. Evidence resulting from such a search is properly admissible.[9]

Accordingly, the judgments are hereby Affirmed.

8. See White v. United States, D.C.App., 222 A.2d 843 (1966); District of Columbia v. Perry, D.C.App., 215 A.2d 845 (1966). See also, Brown v. United States, 125 U.S.App.D.C., 43, 365 F.2d 976 (1966).

9. Rohne v. United States, 125 U.S.App.D. C. 47, 365 F.2d 980 (1966).