**Lee EARMAN, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 4608, 4609.

District of Columbia Court of Appeals.

Argued Nov. 25, 1968.

Decided March 10, 1969.

Milton C. Gelenian, Washington, D. C., with whom Leonard Rosenberg, Washington, D. C., was on the brief, for appellant.

James E. Kelley, Jr., Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker, Carl S. Rauh and Julius A. Johnson, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and KERN, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by a jury of receiving stolen property [1] and possession of numbers slips,[2] and was acquitted of attempted false pretenses.[3] He protests the denial of his motion to suppress for lack of probable cause to arrest.

Appellant accompanied a codefendant, Ray M. Tugwell, to a local department store where Tugwell browsed through the maternity department and selected two dresses. Appellant did not assist Tugwell in selecting the dresses nor did he purchase anything himself. However, while the saleslady was writing up the sales slip ap-

---

1. D.C.Code 1967, § 22–2205.

2. D.C.Code 1967, § 22–1502.

3. D.C.Code 1967, § 22–103, § 22–1301.

pellant did ask her whether the store accepted Central Charge plates. After she replied that the store only accepted its own plate, Tugwell produced a store charge plate under the name of. "Richard P. Kuney" and signed that name on the sales slip. When the saleslady called the credit department on a routine check she was informed that the charge would not be authorized and that she should hold the plate. At about this time appellant left Tugwell and started out of the store.[4]

■ Meanwhile, on receiving the call from the saleslady the credit manager called the security manager, a special police officer, and informed him that "[t]hey had two young men down there suspected of using stolen Charga-Plates to purchase merchandise." The security manager proceeded from the fourth floor to the second floor where the credit manager pointed out appellant as he was descending the steps near the entrance to the store. The security manager was then informed that a charge customer, Richard P. Kuney, had that morning reported to the store that all of his identification, including the store charge plate, had been stolen, and that the stolen plate had been used by Tugwell and appellant to purchase merchandise. He was given the plate and the sales slip and was told of appellant's conversation with the saleslady. Codefendant Tugwell, who had been detained by the credit manager, was asked about the man who was with him, and he described appellant by his physical appearance and the clothes he was wearing, indicating that he knew him. Two other special police officers were then sent in search of appellant. The security manager testified that within four to five minutes thereafter appellant was arrested[5] on a corner immediately across the street from the store. The arrest, he said, was for aiding and abetting the crimes of forgery and false pretenses.

Appellant was brought to the security office of the store and searched. Taken from him were an Allstate Membership Card and a Selective Service Registration Certificate, both in the name of Richard P. Kuney; a Virginia driver's permit in the name of Allan A. Phillips; a Shell Credit Card in the name of Frank Larson, and a numbers cut card. Kuney's Central Charge plate was found on Tugwell.

Appellant moved to suppress the evidence seized on the ground that the special officers did not have probable cause to arrest him. The court denied the motion, holding that appellant's conversation with the saleslady was an affirmative act "directly germane to the success of the fraud." Appellant claims to the contrary, arguing that his mere presence at the scene, coupled with his "innocuous" question of the saleslady, does not support a finding of probable cause.

■ A felony arrest without a warrant is legal if made upon probable cause. As stated in Bell v. United States, 102 U. S.App.D.C. 383, 388, 254 F.2d 82, 87, cert. denied, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed. 2d 113 (1958),

The sum total of the reams that have been written on the subject [of probable cause] is that a peace officer may arrest without a warrant when he has reasonable grounds, in light of the circumstances of the moment as viewed through his eyes, for belief that a felony has been committed and that the person before him committed it.

---

4. Appellant did not testify at the hearing on the motion to suppress. At trial he testified that he left the store to get something to eat, and that before he left Tugwell handed him a sheaf of papers and said, "Here, take these with you."

5. Commissioned special policemen have the same arrest powers as a police officer. Singleton v. United States, D.C.App., 225 A.2d 315 (1967).

**920**

However, while the evidence required need not be enough to sustain a conviction, an officer may not arrest upon mere suspicion.[6] Thus it has been held that mere presence at the scene of a crime is an insufficient basis for a finding of probable cause.[7] We must therefore look to the facts and circumstances known to the security manager to see if they are such as to warrant a reasonable belief that appellant participated in the offenses.

The total information available to the security manager when he made his determination to arrest appellant was that two people had participated in the purchase of merchandise with a stolen charge plate; that appellant and Tugwell were seen together; that appellant had questioned the saleslady about the use of the Central Charge plates, and that Tugwell had implicated appellant to the extent of giving an accurate description of the man who was with him. Taken together, and judged by the applicable standards for probable cause, we hold that the impression made upon him by these circumstances was sufficient to warrant a reasonable belief of appellant's complicity in the offense.[8] In so holding, we distinguish this case from United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L. Ed. 210 (1948), upon which appellant principally relies because, unlike *Di Re*, appellant did not merely accompany Tugwell but participated by making an inquiry which would aid Tugwell in his choice as to which charge plate to use. Accordingly, the motion to suppress was properly denied.

We do not review appellant's conviction of receiving stolen property since the sentence is concurrent with that for possession of numbers slips, a conviction which he does not otherwise challenge except for the ruling on the motion to suppress.[9] Other errors assigned are without merit.

Affirmed.

---

6. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); Lyons v. United States, D.C.App., 221 A.2d 711 (1966); Mathis v. United States, D.C.Mun.App., 129 A.2d 178 (1957).

7. United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948).

8. *See* Davis v. United States, U.S.App. D.C. (No. 21,949, decided February 18, 1969).

9. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).