**Alfred RUCKER, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 81–1435.

District of Columbia Court of Appeals.

Argued Nov. 10, 1982.

Decided Jan. 17, 1983.

Brenda Grantland, with whom Gerald I. Fisher, Washington, D.C., Supervising Atty., D.C. Law Students in Court, was on the brief, for appellant.

Donald J. Allison, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., John A. Terry, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, and John R. Fisher and Anita J. Stephens, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before MACK, PRYOR, and BELSON, Associate Judges.

BELSON, Associate Judge:

Appellant seeks review of his conviction of one count of possession of implements of a crime in violation of D.C.Code 1981, § 22–3601, which followed the denial of his motion to suppress physical evidence, including two needles and syringes and one bottle cap, seized by the police in a search of his person following his arrest on March 14, 1981. Appellant contends that the arresting officer lacked probable cause to arrest him and subsequently search him for possession of narcotics and that the trial court, therefore, erred in denying his suppression motion. We disagree and, accordingly, affirm.

I

On March 14, 1981, Officers Alfred McMaster and Frederick McDonald, both narcotics investigators, were staked out in an elevated lookout position above Martin Luther King, Jr. Avenue and Talbert Street, S.E., an area of considerable illegal narcotics activity. At about 5:30 p.m. McMaster, through binoculars, saw a car enter and stop in a parking lot of a local Gino's restaurant.

While the driver of the car, Washington, and the backseat passenger, appellant, remained in the car, the right front-seat passenger, Larry Peterson, left the car and walked around the corner, in front of a liquor store and out of the view of the two men who remained in the car. Peterson was met there by another man, Leonard Anderson. Peterson gave Anderson money in exchange for a small pink package. Peterson returned to the car. As the car was pulling out of the lot, Peterson opened up the packet, stuck his finger in it, and tasted the contents. Washington then abruptly stopped the car, took the packet from Peterson, and also tasted the contents. During this time, appellant was leaning forward and watching his companions, although he did not taste the contents.

As the car exited the parking lot, McMaster related to McDonald, who was next to him, what he had observed. McDonald contemporaneously radioed the arrest team with the following information supplied by McMaster: "It's a light blue car, government tag, U.S. 7299, passenger right front copped." Appellant was not mentioned.

Officer Richard L. Christiansen heard McDonald's radio transmission, immediately began to follow the car, and stopped it approximately two blocks away from the parking lot. There were several other police cars at the scene of the stop. Christiansen ordered Peterson out of the right front seat of the car, searched him, and found only some marijuana rather than the pink package of white powder which he was looking for. Upon searching appellant, Christiansen recovered the two needles and syringes from appellant's left rear pocket and the bottle cap from his left front coat pocket. He then searched the car and recovered the pink packet of white powder from under the right front passenger's seat where Peterson sat. Appellant was arrested and subsequently charged with possession of implements of a crime under D.C. Code 1981, § 22–3601.

On July 24, 1981, at the suppression hearing, appellant testified that he knew Peterson was going to buy drugs when he exited the car but could not see the transaction. He denied that he leaned forward and watched his companions test the contents of the packet or that he ever saw the narcotics purchased by Peterson, although he as-

sumed Peterson had them. The trial court credited the testimony of Officers McMaster and Christiansen in full and found, as fact, that the driver tasted the suspected narcotics within the clear view of appellant, who leaned forward and observed the activity.

The court subsequently denied appellant's motion on the following grounds:

Officer Christiansen surely had a right to stop the car and arrest and search Mr. Peterson for possession of narcotics. Mr. Peterson, being the occupant of the front seat passenger seat. After Mr. Peterson was searched and the narcotics were not found on Mr. Peterson, I believe that the officer thereafter would have had probable cause and did have probable cause to arrest the other occupants of the car for constructive possession of heroin not found on Mr. Peterson.

If it was not on Mr. Peterson, the officers certainly had probable cause to believe that it was on one of the other two or in the car. That coupled with the initial information known to the officer in my view gave him probable cause to make the arrest and search of Mr. Rucker which produced the implements of crime with which he is charged.

Later that day, on a stipulated record, the trial court without jury convicted appellant of one count of possession of implements of a crime under D.C.Code 1981, § 22-3601. On October 15, 1981, the trial court suspended his sentence of thirty days' imprisonment and placed him on probation for one year. This appeal followed.

II

■ There is no fixed formula for determining the existence of probable cause to arrest; it is rather a matter left to the informed judgment of a reasonably prudent arresting officer. *See Smith v. United States,* D.C.App., 435 A.2d 1066, 1068 (1981) (per curiam), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982); *Price v. United States,* D.C.App., 429 A.2d 514, 516 (1981). Generally, probable cause exists where the facts and circumstances within the arresting officer's knowledge, of which he had reasonably trustworthy information, are sufficient in themselves to warrant a reasonable belief that an offense has been or is being committed. *See Smith v. United States, supra* at 1068; *Price v. United States, supra* at 516. Probable cause must be supported by more than mere suspicion but need not be based on evidence sufficient to sustain a conviction. *See Smith v. United States,* D.C.App., 247 A.2d 293, 294 (1968); *Bell v. United States,* 102 U.S.App. D.C. 383, 385-86, 254 F.2d 82, 85, *cert. denied,* 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113 (1958). The line between mere suspicion and probable cause to arrest must necessarily be drawn in light of the particular case and its facts and circumstances. *See Price v. United States, supra* at 516; *see also Brinegar v. United States,* 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949).

Upon reviewing the record, we affirm the trial court's ruling that Officer Christiansen had particularized probable cause to believe that appellant was in constructive possession of narcotics and that the subsequent search of appellant was proper as incident to a valid arrest.

■ An individual has constructive possession of narcotics when he is knowingly in a position to or has a right to exercise dominion and control over them, either directly or through others. *See United States v. Hubbard,* D.C.App., 429 A.2d 1334, 1338 (1981), *cert. denied,* 454 U.S. 857, 102 S.Ct. 308, 70 L.Ed.2d 153 (1982); *United States v. Staten,* 189 U.S.App.D.C. 100, 105, 581 F.2d 878, 883 (1978). Possession in that sense suffices although it may be shared jointly, and may be established by circumstantial as well as direct evidence. *See United States v. Hubbard, supra* at 1338; *United States v. Staten, supra* at 105, 581 F.2d 878; *United States v. Bethea,* 143 U.S.App.D.C. 68, 71, 442 F.2d 790, 793 (1971).

■ Here, when Christiansen stopped the car moments after McDonald's radio mes-

sage, he knew that Peterson had just "copped" drugs from the location under surveillance and that he was accompanied by two other persons in the car. Moreover, Christiansen's search of Peterson had not turned up the expected drugs. Christiansen then knew that the drugs were either on the person of one of the other two occupants or elsewhere in the car. We agree with the trial judge that at this point Christiansen had probable cause to arrest and search appellant incident to the arrest.[1] *See United States v. Robinson,* 414 U.S. 218, 230–36, 94 S.Ct. 467, 474–477, 38 L.Ed.2d 427 (1973); *cf. Townsley v. United States,* D.C.App., 215 A.2d 482, 484–85 (1965).

Contrary to appellant's contentions, our holding is not inconsistent with *Lyons v. United States,* D.C.App., 221 A.2d 711 (1966), a case factually distinguishable from this one. In *Lyons,* undercover officers on a narcotics stakeout observed Spriggs, a known, convicted narcotics user drive up to a building with some companions, leave the car, re-emerge from the building a few minutes later, and re-enter the car. Spriggs' car was immediately stopped. As the arresting officer approached the car, he saw Spriggs place a small envelope in his shoe. Spriggs was arrested and searched, the police recovered 96 capsules of heroin from his shoe. Appellant Lyons was then arrested. The police later discovered needle marks on his arm, and obtained his admission that he was a narcotics user.

The court denied Lyons' motion to suppress the evidence of his needle marks statements and later convicted him under the narcotics vagrancy statute. D.C.Code 1961, § 33–416a[2] (now codified at D.C.Code 1981, § 33–517). *Id.* at 712. We reversed, holding that Lyons' mere presence in the car where narcotics were found did not constitute probable cause for his arrest for narcotic vagrancy. *Id.* at 712. We conclude that *Lyons* is not controlling precedent in view of the specific facts of this case.

Here, as in *Lyons,* the arresting officer had probable cause to believe that one of the car's occupants had engaged in a narcotics transaction at the time of his arrest, which occurred shortly after the transaction. However, in *Lyons,* the police found the drugs on their suspect, Spriggs, thereby terminating any probable cause to arrest Lyons. Here, the police did not find the expected drugs on Peterson. This fact, together with the other information known to Christiansen, provided him reasonable grounds to arrest and search appellant. *See Thomas v. United States,* D.C.App., 352 A.2d 390, 391–92 (1976) (presence plus two additional articulable factors sufficient to provide probable cause to search); *Earman v. United States,* D.C.App., 250 A.2d 918, 920 (1969) (circumstances in addition to presence sufficient to provide probable cause to arrest); *United States v. Irurzun,* 631 F.2d 60, 63 (5th Cir.1980) (mere presence and additional factors that could lead a prudent person to believe that an offense has been or is being committed is sufficient to constitute probable cause).

Given the particular facts and circumstances testified to by the police officer, witnesses, and found by the court to have existed, we affirm the trial judge's finding

---

1. Because we find that Christiansen had probable cause to arrest appellant on the facts known to him, we do not reach the merits of appellant's argument that McMaster's knowledge could not be imputed to Christiansen on the basis of the "collective knowledge" doctrine. *Cf. United States v. Hawkins,* 193 U.S. App.D.C. 366, 367 n. 2, 595 F.2d 751, 752 n. 2 (1978) (per curiam), *cert. denied,* 441 U.S. 910, 99 S.Ct. 2005, 60 L.Ed.2d 380 (1979); *Smith v. United States,* 123 U.S.App.D.C. 202, 204, 358 F.2d 833, 835 (1966), *cert. denied,* 386 U.S. 1008, 87 S.Ct. 1350, 18 L.Ed.2d 448 (1967).

Moreover, appellant also contends that the police should have searched the car prior to searching appellant, as the "least intrusive means" of infringing on appellant's Fourth Amendment rights. He does not provide any legal authority for this proposition, and we are not persuaded.

2. Certain sections of this statute were declared unconstitutional in *Ricks v. United States,* 134 U.S.App.D.C. 215, 414 F.2d 1111 (1968). *See* D.C.Code 1967, §§ 33–416a(b)(1)(A), –416a(b)(1)(C).

that probable cause existed for the arrest and subsequent search of appellant and the seizure of the evidence in question. Accordingly, appellant's conviction is

*Affirmed.*