**UNITED STATES, Appellant,**

v.

**Leonard M. WATSON, Appellee.**

**No. 97–CO–7.**

District of Columbia Court of Appeals.

Argued June 4, 1997.
Decided June 26, 1997.

---

Adam L. Rosman, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney at the time the brief was filed, and John R. Fisher, Roy W. McLeese, III, and Lisa A. Hertzer, Assistant United States Attorneys, were on the brief, for appellant.

Andrew J.J. Delehanty, Washington, DC, for appellee.

Before SCHWELB, FARRELL, and RUIZ, Associate Judges.

FARRELL, Associate Judge:

The government appeals from an order suppressing as evidence a gun seized from the trunk of a parked car that Leonard Watson had been driving. D.C.Code § 23–104(a)(1) (1996). The police searched the trunk after (1) seeing Watson appear to smoke a marijuana joint and smelling burnt marijuana as they approached his parked car; (2) finding a smoked marijuana cigarette in the ashtray of the car; and (3) finding six ziploc bags of heroin in the door pocket. We reverse the order of suppression.

## I.

Police officers in a parked scout car observed a car pass in front of them in which the driver, Watson, appeared to be inhaling from "a burning [marijuana] joint."[1] The officers followed the car until it parked in front of a club and Watson and the two other occupants got out. The police stopped their car and approached the vehicle. As they did so an officer "detected an odor of marijuana" coming from the car. One of Watson's companions tried to flee but was subdued, and a handgun was taken from his possession. An officer then opened the car door and again smelled "the odor of burnt marijuana." He looked in the ashtray and found the remnants of a marijuana cigarette, then looked "further through the vehicle," finding six ziploc bags containing white powder banded together in the door pocket on the driver's side.[2] Other officers then searched the trunk of the car and found a pistol inside a jacket.

The trial judge determined that when the police saw Watson appearing to smoke mari-

---

1. To the observing officer "it appeared to be a joint because of the way it was smoked and the way in which it was held."

2. The white powder was later determined to be heroin hydrochloride.

juana and then smelled burnt marijuana emanating from the car, they had "probable cause to search the vehicle for contraband." The court was troubled, however, by the question whether, "once [the officer] sees the cigarette in the ashtray, ... he [can] still search the rest of the car looking for more or [sic; of?] whatever he's looking for." Partly because the officer who had searched the door pocket testified "that drugs are commonly hidden there," the judge found the search of that area and the seizure of the heroin to be reasonable. Yet the judge drew the line at the search of the trunk, stating: "just ... because you've seen something [in] the passenger [area] in plain view, doesn't automatically give you license then to go rummaging through the trunk *unless you state how it is* that you have come to the conclusion that there's some criminal activity associated with the trunk" (emphasis added). Since there had been no testimony as to "why the trunk was searched, what led any police officer to believe that the trunk contained" contraband, the judge concluded that the trunk search exceeded the limits of the probable cause that justified the search of the passenger compartment.

## II.

■■■ "Our standard of review for a trial court's ruling on a motion to suppress tangible evidence requires 'that the facts and all reasonable inferences therefrom must be viewed in favor of sustaining the trial court's ruling.'" *Holt v. United States*, 675 A.2d 474, 478 (D.C.1996) (citation omitted). While factual findings will not be disturbed if supported by substantial evidence, conclusions of law are reviewed *de novo. Id.* Whether or not police had probable cause to search a particular location is ultimately a question of law. *Ornelas v. United States*, ─── U.S. ───, ───, 116 S.Ct. 1657, 1662, 134 L.Ed.2d 911 (1996).

■■■ The trial judge correctly found that when the police saw Watson smoking what appeared to be a marijuana cigarette, and smelled the distinctive odor of burnt marijuana as they approached his car on foot, they had probable cause to search the passenger compartment of the car. *See, e.g., Minnick v. United States*, 607 A.2d 519, 525 (D.C. 1992). In light of their discovery of the marijuana cigarette and heroin packets there, however, the judge erred in concluding that they lacked probable cause to search the vehicle trunk.

■■■ "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." [3] *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982); *see also California v. Acevedo*, 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) (applying *Ross* to permit warrantless search of a container placed in a vehicle, but not the vehicle itself, where police had probable cause to search only that container). In this case, the trial judge correctly recognized that the probable cause which the police had to search the car was not exhausted when they found the marijuana cigarette in the ashtray. As he stated, "[T]he further search was warranted to ensure that [the officer] had all of what he [had] seen was being used in the car." But the judge offered no convincing reason why that search had to be limited to the passenger compartment of the car. Watson, who had been seen smoking the marijuana joint, was the driver and apparent owner of the car; [4] and the police found not only marijuana in the ashtray but a bundle of six ziploc bags of heroin in the door pocket. These combined facts, particularly the evidence supporting an inference that Watson was dealing in heroin, made it reasonable for the officers to believe that additional drugs or paraphernalia would be found elsewhere in the car, including the trunk. [5]

---

3. In this case, no issue as to the "stop" of Watson's car is presented since he had already parked it voluntarily when the police approached.

4. Another occupant of the car testified that "I guess it was Leonard's [*i.e.*, Watson's] car."

5. Significant too, although not essential to the cumulative information providing probable cause, was the discovery of a gun on one of the other occupants of the car.

Under *Ross*, since a judicial officer on these facts could have issued a warrant to search the trunk, the warrantless search of the trunk was proper. *See Ross*, 456 U.S. at 823, 102 S.Ct. at 2172.

In a recent case this court, without dealing expressly with the scope of the search conducted, upheld a warrantless search of the interior *and* trunk of a car after the police confirmed a tip that guns and drugs were in the car by smelling PCP as they approached it. *Speight v. United States*, 671 A.2d 442, 453 (D.C.1996). Other courts have likewise sustained trunk searches on facts similar to those presented here. In *United States v. Parker*, 72 F.3d 1444 (10th Cir.1995), for example, the court recited its previous holdings that while "[t]he odor of marijuana in the passenger compartment of a vehicle does not, ... standing alone, establish probable cause to search the trunk of a vehicle," an officer "obtains probable cause to search the trunk ... once he smells marijuana in the passenger compartment *and* finds corroborating evidence of contraband." *Id.* at 1450 (emphasis in original).[6] The court held that when the police "smelled burned marijuana in the car and found corroborating evidence of contraband" in the form of a burnt marijuana cigarette and a rolled up dollar bill with powder residue on the person of a co-occupant of the car, they "had probable cause to search the trunk of [d]efendant's vehicle." *Id.* at 1451.

Similarly, in *United States v. Burnett*, 791 F.2d 64 (6th Cir.1986), the court held that once police found a plastic bag containing marijuana in plain view on the floorboard of a lawfully stopped car, they "had every right to search the passenger area of the car, the trunk, and any and all containers which might contain contraband." *Id.* at 67 (citing *Ross*). And in *United States v. McGuire*, 957 F.2d 310 (7th Cir.1992), the court similarly held that once a police trooper "discovered

that McGuire was transporting open, alcoholic liquor" in the passenger compartment in violation of state law, "he had probable cause to believe that the car contained additional contraband or evidence" and could "search every part of the vehicle ... that could conceal additional contraband, including ... the trunk." *Id.* at 314 (citing *Ross*). *See also Minnick, supra*, 607 A.2d at 521 (holding that probable cause derived from smelling PCP in car gave police probable cause to search defendant's purse taken from passenger compartment).

 The trial judge apparently believed that for the trunk search to be valid, the officers performing the search had to testify expressly "how it [was] that [they had] come to the conclusion that there[ ][was] some criminal activity associated with the trunk." The Fourth Amendment does not impose that requirement. The reasonableness of a search or seizure "must be judged against an 'objective standard,' that is, whether the facts available to the police officer at the moment of seizure warrant a man of reasonable caution in the belief that the seizure was reasonable." *Offutt v. United States*, 534 A.2d 936, 938 (D.C.1987) (citation omitted); *see also Whren v. United States*, — U.S. ——, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).[7] The facts known to the officers objectively supported the reasonableness of the entry into the trunk; testimony about their actual reasoning at the time (assuming this could be faithfully retrieved) was unnecessary.

The order of the Superior Court suppressing evidence is, accordingly,

*Reversed.*

---

6. Because of the ample "corroborating evidence" the police found in this case, we need not decide whether the sighting of Watson apparently smoking marijuana and the smell of marijuana coming from the car, standing alone, would have been enough to support a search of the trunk.

7. In *Whren* the Court quoted, *inter alia*, its previous statement in *Scott v. United States*, 436 U.S.

128, 138, 98 S.Ct. 1717, 1723–24, 56 L.Ed.2d 168 (1978), that "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action."