Anthony **PERKINS**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 06–CF–198.

District of Columbia Court of Appeals.

Submitted June 21, 2007.

Decided Sept. 6, 2007.

Warren E. Gorman was on the brief, Chevy Chase, MD, for appellant.

Jeffrey A. Taylor, United States Attorney, and Roy W. McLeese, III, David B. Goodhand, Amanda Williams, and Michael T. Ambrosino, Assistant United States Attorneys, were on the brief, for appellee.

Before FARRELL and GLICKMAN, Associate Judges, and SCHWELB, Senior Judge.

GLICKMAN, Associate Judge.

It is a misdemeanor in the District of Columbia, punishable by up to 90 days' imprisonment and a $500 fine, to "possess in an open container an alcoholic beverage in ... [a] vehicle in or upon any street...." D.C.Code §§ 25–1001(a)(2), (d) (2001). The question in this appeal is whether police had probable cause to arrest an automobile passenger for that offense, along with the driver, upon finding them sitting next to an open can of malt liquor during a routine traffic stop. We answer that question in the affirmative. We therefore uphold the search of the passenger incident to his arrest and the resulting seizure of drugs and drug paraphernalia from his jacket pocket.

## I.

Appellant Anthony Perkins was the front seat passenger in a Toyota Camry stopped by Metropolitan Police Officers Jelani Prather and Joseph Barnes on January 16, 2005, for running a red light. Approaching the car on the passenger side, Officer Prather saw an open 24-ounce can of Steel Reserve 211 malt liquor balanced against the gear shift on the center console, midway between the driver and appellant. The officers recovered the can and found it to be half-full. Both passenger and driver, the car's only occupants, denied possessing the malt liquor; each claimed that it belonged to the other. The police arrested both men for violating D.C.Code § 25–1001.

Officer Prather then searched appellant and found what proved to be crack cocaine in his jacket pocket, along with several small plastic bags and a razor blade. Appellant was indicted for unlawful possession of cocaine with the intent to distribute it and unlawful possession of drug paraphernalia, in violation of D.C.Code §§ 48–904.01(a)(1) and 48–1103(a) (2001). He moved to suppress the physical evidence seized from him, asserting that the police lacked probable cause to arrest him. The trial court denied the motion. After trial, the jury returned a guilty verdict on both counts of the indictment.

## II.

■ The search of appellant's person was lawful if it was incident to a lawful arrest. *See Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). For an arrest to be lawful, the Fourth Amendment requires that it be supported by probable cause. *See United States v. Henry Ogle Watson*, 423 U.S. 411, 417, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). Appellant contends that the police lacked probable cause to arrest him because they could not tell whether it was he or the driver of the Camry who possessed the can of malt liquor resting on the console equidistant between them.

■ Whether the police had probable cause on a given set of historical facts is a question of law subject to *de novo* review on appeal. *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *United States v. Leonard M. Watson*, 697 A.2d 36, 38 (D.C.1997).[1] Nonetheless, "[t]he determination of probable cause is an inexact judgment." *Price v. United States*, 429 A.2d 514, 516 (D.C. 1981). The Supreme Court has instructed that "the probable-cause standard is a 'practical, non-technical conception' that deals with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' " *Maryland v. Pringle*, 540 U.S. 366, 370, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) (quoting *Illinois v. Gates*, 462 U.S. 213, 231, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and *Brinegar v. United States*, 338 U.S. 160, 175–76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). Thus, the Court has said, "[t]he probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of circumstances." *Pringle*, 540 U.S. at 371, 124 S.Ct. 795 (citing *Gates* and *Brinegar*, *supra*).

■ "The substance of all the definitions of probable cause is a reasonable

---

1. Of course, the facts and all reasonable inferences therefrom must be viewed on appeal in favor of sustaining the trial court's ruling, and findings of historical fact may not be disturbed unless the appellate court determines them to be clearly erroneous. *Ornelas, supra; (Leonard) Watson, supra*. We have summarized the facts of this case in accordance with those principles.

ground for belief of guilt." *Brinegar,* 338 U.S. at 175, 69 S.Ct. 1302 (internal quotation marks and citation omitted); *accord Pringle,* 540 U.S. at 371, 124 S.Ct. 795. This means "more than bare suspicion." *Brinegar, supra.* The classic formulation is that "[p]robable cause exists where 'the facts and circumstances within their [the officers] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Id.,* 338 U.S. at 175–76, 69 S.Ct. 1302 (quoting *Carroll v. United States,* 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925)). To this it is added that probable cause must be "particularized" with respect to the person to be searched or seized. *Ybarra v. Illinois,* 444 U.S. 85, 91, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979).

 "Probable cause must be supported by more than mere suspicion but need not be based on evidence sufficient to sustain a conviction." *Blackmon v. United States,* 835 A.2d 1070, 1075 (D.C.2003) (quoting *Rucker v. United States,* 455 A.2d 889, 891 (D.C.1983)). Indeed, "it is clear that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." *Gates,* 462 U.S. at 235, 103 S.Ct. 2317 (internal quotation marks and citation omitted). Similarly, probable cause "does not demand any showing that [the arresting officer's belief in a suspect's guilt] be correct or more likely true than false." *Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (plurality opinion); *accord Ball v. United States,* 803 A.2d 971, 974 (D.C.2002); *Coles v. United States,* 682 A.2d 167, 168 (D.C.1996). *See generally* 2

WAYNE R. LaFAVE, SEARCH AND SEIZURE § 3.2(e) (4th ed.2004). In this respect, the probable cause standard is not unlike the "reasonable probability" standard that applies when a defendant has the burden of demonstrating prejudice from a trial court error, ineffective assistance of counsel, or a withholding by the prosecution of exculpatory evidence: "[t]he reasonable-probability standard is not the same as, and should not be confused with, a requirement that a defendant prove by a preponderance of the evidence that but for error things would have been different." *United States v. Dominguez Benitez,* 542 U.S. 74, 83 n. 9, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

 When a passenger in a vehicle is found sitting next to unconcealed contraband, that is evidence of constructive possession, even if it may not be sufficient, without more, to support a finding of the passenger's guilt beyond a reasonable doubt. "The law of constructive possession requires a showing that the defendant (1) knew of the presence of the contraband, (2) had the power to exercise dominion and control over it, and (3) intended to exercise dominion and control over it." *Blackmon,* 835 A.2d at 1075 (citations omitted). "A defendant's close proximity to [items of contraband] in plain view is certainly probative in determining not only whether he knew of the [items] and had the ability to exert control over them, but also whether he had the necessary intent to control (individually or with others) their use or destiny." *Rivas v. United States,* 783 A.2d 125, 128 (D.C.2001) (en banc).[2] Indeed, "[w]hen the government proves the presence of contraband in an automobile, in plain view, conveniently accessible to a passenger defendant, the ad-

---

**2.** *Rivas* involved bags of cocaine lying on the console of a car between the driver and the front seat passenger, but the nature of the contraband makes little difference-close prox-

imity in an automobile to any form of exposed contraband is probative of constructive possession.

ditional evidence necessary to prove constructive possession [beyond a reasonable doubt] is comparatively minimal." *Id.* at 137. As *Rivas* confirms, the evidence is probative as to the passenger even when the driver also is present in the vehicle and has equal access to the contraband, especially because "[c]onstructive possession may be sole or joint." *Id.* at 129 (citing *Parker v. United States,* 601 A.2d 45, 51–52 (D.C.1991)). Ordinarily, then, finding a passenger in a vehicle in arm's reach of unconcealed contraband readily warrants an objectively reasonable belief that the passenger constructively possessed the contraband, whether or not other persons are present in the vehicle. *See, e.g., County Court of Ulster County, New York v. Allen,* 442 U.S. 140, 164–65, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).[3] Hence, in the absence of countervailing factors that might operate to overcome such an inference, probable cause exists to arrest that passenger, even if more probative evidence would be necessary to convict him of the crime.

■ Presumptively, therefore, appellant's close proximity to an open malt liquor can sitting exposed to view on the center console of the car in which he was a front-seat passenger established probable cause to arrest him. And other than appellant's own denial, which must be discounted, nothing in the circumstances was sufficient to sever appellant's apparent connection to the alcoholic beverage.[4] It may well be true, as appellant argues, that for all the arresting officers knew, the can just as easily could have belonged to the driver alone—though joint possession was hardly out of the question, since driver and passenger surely could have been sharing a beverage in a 24–ounce can. But even if we posit that joint possession of a single can of malt liquor was unlikely, the absence of certainty that it was the passenger and not the driver who controlled the contraband does not defeat the modest showing required for probable cause to arrest the passenger (as well as the driver). In *Pringle, supra,* the Supreme Court made it clear that the Fourth Amendment's requirement that probable cause be "particularized" with respect to the person arrested, *see Ybarra,* 444 U.S. at 91, 100 S.Ct. 338, does not mean that the possibility of innocent presence must be eliminated before probable cause to arrest a passenger may be found to exist.

In *Pringle,* police found cocaine hidden behind the upright back-seat armrest of a car stopped for speeding. When none of the car's three occupants owned up to the drugs, the police arrested all of them for possession, even though some (or conceivably even all) of them could have been unaware that any contraband was secreted

---

3. In *Ulster County,* the Supreme Court upheld a state statute providing that the presence of a firearm in an automobile is presumptive evidence of its illegal possession by all persons then occupying the vehicle. In evaluating the application of the presumption on the facts before it, the Court found the case "tantamount to one in which the guns were lying on the floor or the seat of the car in the plain view of the three other occupants of the automobile." 442 U.S. at 164, 99 S.Ct. 2213. "In such a case," the Court stated, "it is surely rational to infer that each of the [occupants] was fully aware of the presence of the guns and had both the ability and the intent to exercise dominion and control over the weapons." *Id.* at 164–65, 99 S.Ct. 2213. In *Rivas* we recognized that *Ulster County* "unquestionably affirmed the probativeness" of evidence of proximity to exposed contraband "on all of the elements of constructive possession." 783 A.2d at 133.

4. To the contrary, the driver asserted that the can was appellant's. We do not rely on that fact to uphold appellant's arrest, however. In our view, the officers had probable cause to arrest both the driver and the passenger, regardless of their cross-accusations.

in the vehicle. Pringle, who was the front seat passenger, later confessed that the cocaine was his. A unanimous Supreme Court upheld Pringle's arrest, deeming it "an entirely reasonable inference . . . that any or all three of the occupants had knowledge of, and exercised dominion and control over, the cocaine." 540 U.S. at 372, 124 S.Ct. 795. "Thus," the Court stated, "a reasonable officer could conclude that there was probable cause to believe Pringle committed the crime of possession of cocaine, either solely or jointly." *Id.*

Even the fact that the contraband in *Pringle* was hidden rather than in plain view was not enough to persuade the Court that probable cause to arrest the front seat passenger was lacking. An automobile passenger, the Court reasoned, "will often be engaged in a common enterprise with the driver, and have the same interest in concealing the fruits or the evidence of their wrongdoing." *Id.* at 373, 124 S.Ct. 795 (quoting *Wyoming v. Houghton*, 526 U.S. 295, 304–305, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999)). The Court deemed it "reasonable for the officer to infer a common enterprise" on the facts before it, because "[t]he quantity of drugs and cash in the car indicated the likelihood of drug dealing, an enterprise to which a dealer would be unlikely to admit an innocent person with the potential to furnish evidence against him." *Id.*

We would not employ comparable reasoning to infer a common enterprise between the driver and passenger in the case at bar; that is, we would not say that one illegally possessing an open container of malt liquor in his car would be unlikely to admit an innocent person as a passenger. Nonetheless, in this case there was probable cause to arrest appellant for a different reason: unlike in *Pringle*, the contraband here not only was easily accessible to appellant, it was in plain sight, and appellant must have been aware of it.

Our conclusion that appellant's proximity as an automobile passenger to unconcealed contraband was enough to warrant his arrest is not at odds with this court's decision in *In re T.H.*, 898 A.2d 908 (D.C. 2006). That case merely illustrates the unsurprising proposition that the presence of other, countervailing facts and circumstances may undermine the inference of constructive possession from proximity to visible contraband and tip the balance against a finding of probable cause. In *T.H.*, police arrested two passengers in an illegally parked sport utility vehicle ("SUV") for possessing a box of illegal fireworks that was stored in the open compartment behind the rear seats. Although the box was visible and accessible to the passengers, the court held that probable cause to arrest them was lacking in light of the totality of the circumstances. The court pointed to three facts in particular. First, distinguishing *Pringle*, the court deemed it significant that the fireworks were not so "obviously criminal" as to make their owner "unlikely to admit an innocent person with the potential to furnish evidence against him." *Id.* at 914 (quoting *Pringle*, 540 U.S. at 373, 124 S.Ct. 795). Second, the fact that both passengers told the police that the fireworks belonged to the driver of the SUV (who was not present) arguably "weigh[ed] against a theory that the three men were part of a conspiracy to use or distribute the contraband." 898 A.2d at 914–15. Third, the court emphasized, "the contraband was not in the passenger compartment . . ., but in the rear compartment of the SUV," physically separated from the passengers, in what was "the functional equivalent of a trunk given the design of the vehicle." *Id.* at 915. In combination, these three factors persuaded a majority of the three-judge panel in *T.H.* that there

was an insufficient basis for a finding of probable cause.

*T.H.* was a close case, in which one panel member dissented, *see* 898 A.2d at 915–16, and there is room for disagreement over the precise significance of the three factors on which the majority relied. Every case involving the issue of probable cause to arrest ultimately turns on its own unique facts. The important point for present purposes, however, is that comparable factors neutralizing the inference of constructive possession are largely absent here. As to the first factor identified in *T.H.*, while we decline to infer that a driver with an open can of beer would be loath to admit an innocent passenger for fear that the passenger would turn state's evidence against him, we also decline to say that the presence in a vehicle of an alcoholic beverage in an open container is not "obviously criminal." *Per contra*, it is clearly illegal. Generally speaking, a passenger's evident willingness to remain in a vehicle next to known contraband may be taken as some evidence that the passenger has at least a shared interest in it (though the strength of that inference may depend on the type of contraband involved).[5]

Similarly, when questioned by the police, the two occupants of the vehicle in this case did not agree that the malt liquor belonged to a third person. Rather, appellant and the driver each told the police that the beverage belonged to the other alone. As those self-serving, contradictory statements could not both have been true (and might be taken as indicating at least one speaker's consciousness of guilt), they did nothing to dispel the inference of constructive possession on the part of either declarant. And finally, the open container in this case was not located outside the passenger compartment, as in *T.H.*, but inside that compartment, equidistant between the driver and the front seat passenger on the center console—only inches away from either of them.

The question of probable cause aside, appellant also argues that his arrest was improper because the open container violation was minor and the police could have issued him a citation in lieu of taking him into custody. Appellant charges that the police used the alcoholic beverage infraction as a pretext in order to arrest him and conduct an otherwise unjustified search for drugs and weapons. We find no merit in this claim. Appellant's arrest for a comparatively minor misdemeanor was statutorily authorized. *See* D.C.Code § 23–581(a)(1)(B) (2001 and Supp.2006) (providing that a law enforcement officer may make a warrantless arrest of "a person who he has probable cause to believe has committed or is committing an offense in his presence"). The arrest also was constitutional, for "[t]he standard of probable cause applies to all arrests, without the need to balance the interests and circumstances involved in particular situations. If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) (upholding constitutionality of warrantless arrest for seatbelt violations). "Moreover, if an arrest is objectively justifiable on the

---

5. It might be objected that, while citizens are presumed for many purposes to know the law that governs their conduct, the open-container law may not be a matter of common knowledge. But even if we entertain the possibility that appellant did not know that possession of the open can of malt liquor was against the law, such lack of knowledge does not necessarily translate into a reduced likelihood that appellant was in possession of the can.

basis of probable cause, the officer's subjective motivation is generally deemed irrelevant." *Alvarez v. United States,* 576 A.2d 713, 717 (D.C.1990) (citations omitted).[6]

## III.

We hold that the police had probable cause to arrest appellant for violating the open container law in their presence, based on his proximity as a front seat passenger in an automobile to an open can of malt liquor lying next to him in plain sight on the center console of the vehicle. The search incident to appellant's arrest, which resulted in the seizure of crack cocaine and drug paraphernalia found in appellant's jacket pocket, therefore was lawful. Accordingly, we affirm appellant's convictions.

---

**6.** There is no evidence in this case that the open container law was selectively enforced against appellant on the basis of race or any other impermissible consideration. *See generally Fedorov v. United States,* 600 A.2d 370, 376–82 (D.C.1991) (en banc).