David J. MILLET, Appellant

v.

UNITED STATES, Appellee.

No. 08–CM–411.

District of Columbia Court of Appeals.

Submitted March 10, 2009.

Decided Aug. 13, 2009.

Donald L. Dworsky, appointed by the court, was on the brief for appellant.

Jeffrey A. Taylor, United States Attorney at the time the brief was filed, and Roy W. McLeese, III, Chrisellen R. Kolb, and Mervin A. Bourne, Jr., Assistant United States Attorneys, were on the brief for appellee.

Before WAGNER, TERRY, and KING, Senior Judges.

TERRY, Senior Judge:

Appellant entered a conditional plea of guilty to a charge of possession of marijuana. His arrest and conviction arose from the stop and search of a car in which he was a passenger. He argues that the trial court erred in denying his pre-plea motion to suppress the marijuana which the police recovered when they searched him because the search preceded his arrest, and also because the search exceeded the scope of a lawful frisk under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In addition, he challenges the sufficiency of the evidence that he possessed marijuana. We agree with the trial court that Millet was lawfully searched incident to his arrest. We also reject Millet's claim that the evidence was insufficient, not only because such a challenge cannot be raised on appeal following a conditional plea of guilty,[1] but also because he specifically waived that claim when he entered his plea. Accordingly, we affirm.

## I

Appellant Millet was charged in a one-count information with possession of marijuana, a controlled substance. He filed a

---

1. Super. Ct.Crim. R. 11(a)(2) provides:

   With the approval of the Court and the consent of the government, a defendant may enter a plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

motion to suppress the physical evidence (the marijuana) which the police recovered when they searched him, and the court held a hearing on the motion.

The evidence at the suppression hearing established that on December 1, 2007, shortly after 3:30 a.m., Officers Patrick Collier and Caline Roberts of the United States Capitol Police were on routine patrol in the Capitol Hill area. As they drove along Louisiana Avenue near the foot of Capitol Hill, headed toward Constitution Avenue, they saw a four-door Acura sedan traveling west on Constitution Avenue with only one headlight. The officers pursued the car and, after going a short distance, pulled it over to the curb. Officer Collier approached the car from the driver's side, and Officer Roberts approached from the passenger side. Officer Collier asked the driver, Dwayne Fountain, to produce his driver's license and registration. As they were talking, the officer noticed that Mr. Fountain's "actions were very slow ... almost sluggish," that his eyes were bloodshot, and that his speech "was slow and very low ... in volume...." Officer Collier also smelled the odor of "burning marijuana" coming from the car. At the same time, both officers noticed a bulge "around the size of a fist" in the right "waistband area" of the front seat passenger, appellant Millet, under the hooded sweatshirt that he was wearing. Since "the left side of his person did not have that bulge," Officer Roberts concluded that the bulge was "out of the ordinary."

The officers then returned briefly to their patrol car to check the driver's credentials, and also to discuss their safety concerns about the bulge they had seen near Millet's waist. When they returned to the stopped Acura, Officer Collier asked Mr. Fountain, the driver, to get out of the car and accompany him to the curb, and he complied. Then, suspecting that Fountain might have been driving while impaired, the officer asked him if he was under the influence of alcohol or drugs. Mr. Fountain admitted "that he had smoked some marijuana about an hour ago." Officer Collier administered a field sobriety test, and when Mr. Fountain failed it, the officer placed him under arrest for driving under the influence.

Officer Roberts then asked Mr. Millet to step out of the car and proceeded to search the car incident to Fountain's arrest. By that time, a third officer had arrived and stood near Millet as Officer Roberts searched the car. While performing the search, Officer Roberts also detected the smell of burning marijuana, and on the floor of the back seat she found a clear plastic bag containing a green leafy substance which she believed to be marijuana.

Officer Collier asked Mr. Fountain if the bag was his, and he replied that it was not. The officer then told Millet and Fountain that they would both be charged in connection with the marijuana found in the bag, at which point Mr. Fountain said, "Okay, I'll be straight with you, it's his," and pointed to Mr. Millet, adding that "he's the one who brought it into the vehicle." At that point, Officer Roberts frisked Millet's waist area "to make sure that he had no weapons on him," and from his waistband she removed a plastic ziplock bag containing a green leafy substance that looked and smelled like marijuana. She thereupon placed Millet under arrest. Officer Roberts testified that when she touched the bulge, she heard a crunching sound and knew that it was not a weapon.

On the basis of this evidence, the court ruled that Mr. Fountain's statements, the smell of marijuana emanating from the car, and the recovery of a bag of what the officers believed to be marijuana supported the inference that "at 3:30 in the morning ... if marijuana was smoked an hour earlier, it's very likely, and I find

conclusive ... that Mr. Millet was in the car and that Mr. Millet had knowledge that there were controlled substances in the car." The court also found that Officer Roberts recovered the bag of marijuana "close to where ... [Millet's] hand would have been" when he was seated in the car. Accordingly, the court held that the police had probable cause to arrest and search Millet, and therefore denied his motion to suppress.

Millet thereafter waived his right to a trial and entered a conditional plea of guilty to possession of marijuana, reserving in writing his right to appeal the denial of the motion to suppress, but nothing more.[2]

## II

■ "Our review of a trial court's denial of a motion to suppress is limited." *Joseph v. United States*, 926 A.2d 1156, 1160 (D.C.2007) (citing *White v. United States*, 763 A.2d 715, 719 (D.C.2000)). "We must defer to the court's findings of evidentiary fact and view those facts and the reasonable inferences therefrom in the light most favorable to sustaining the ruling below." *Id.* "Whether the police had probable cause on a given set of historical facts," however, "is a question of law subject to *de novo* review on appeal." *Perkins v. United States*, 936 A.2d 303, 305 (D.C.2007) (citations omitted). "Essentially, our role as an appellate court 'is to ensure that the trial court had a substantial basis for concluding' that no constitu-

tional violation occurred." *Joseph*, 926 A.2d at 1160 (quoting *United States v. Johnson*, 540 A.2d 1090, 1091 n. 2 (D.C. 1988)).

Millet offers two reasons to support his argument that the police violated his Fourth Amendment rights when they searched him. First, he maintains that the search cannot be justified as incident to his arrest because he had not yet been arrested at the time the search took place, and because the officers did not intend to arrest him at the time of the search. Second, he contends that the search exceeded the scope of a permissible *Terry* stop because, once Officer Roberts realized that the bulge beneath Millet's sweatshirt was not a weapon, further intrusion to remove the item was impermissible.

■ A search incident to arrest may precede the actual arrest if probable cause exists, independent of the search, to justify the arrest, and if the arrest follows "quickly on the heels" of the search. *Ball v. United States*, 803 A.2d 971, 982 (D.C. 2002) (quoting *Rawlings v. Kentucky*, 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980)); *accord, e.g., United States v. Powell*, 376 U.S. App D.C. 30, 32–33, 483 F.3d 836, 838–839 (2007) (en banc) (citing *Rawlings* and other cases); *United States v. Brown*, 150 U.S.App. D.C. 113, 114, 463 F.2d 949, 950 (1972).[3] Thus the fact that the police searched Millet before formally placing him under arrest did not require the court to suppress the fruits of the search if the officers had probable cause to

---

**2.** A handwritten sentence at the bottom of the printed waiver form states:

> The defendant & United States agree to the entry of a guilty plea to the information while the defendant preserves the right to appeal the adverse ruling on his motion to suppress.

Immediately below this statement are the signatures of both appellant and his counsel, followed by the word "APPROVED" (in capital letters, printed on the form), along with the date (handwritten) and the signatures of the prosecutor and the judge.

**3.** "Even though a suspect has not formally been placed under arrest, a search of his person can be justified as incident to an arrest if an arrest is made immediately after the search, and if, *at the time of the search*, there was probable cause to arrest." *Brown*, 150 U.S.App. D.C. at 114, 463 F.2d at 950 (citations omitted; emphasis in original).

arrest him independent of the search itself. We hold that they did. Therefore, while Officer Roberts might or might not have exceeded the scope of a permissible frisk under *Terry v. Ohio*,[4] we need not consider Millet's second argument because the search was lawful as incident to Millet's arrest on probable cause.

■ Although mere proximity to contraband is insufficient in itself to sustain a conviction for possession of that contraband, *see In re R.G.*, 917 A.2d 643, 649 (D.C.2007) (citing cases), the question before the court at the suppression hearing was whether "the facts and circumstances within the [officers'] knowledge ... warrant[ed] a [person] of reasonable caution in the belief that an offense [had] been or [was] being committed"—*i.e.*, that Millet knew of the existence and location of the suspected marijuana (on the floor of the back seat) and had both the ability and the intent to exercise dominion and control over it. *Spinner v. United States*, 618 A.2d 176, 178 (D.C.1992) (citations and internal quotation marks omitted); *see Blackmon v. United States*, 835 A.2d 1070, 1075 (D.C.2003) ("the issue here is not whether there was sufficient evidence for a conviction, but only whether there was probable cause for an arrest"); *accord, Rucker v. United States*, 455 A.2d 889, 891 (D.C.1983).

We find no error in the trial court's determination of probable cause. The evidence showed that in searching the car incident to the driver's arrest, Officer Roberts smelled the odor of burning marijuana and recovered a plastic bag from the floor of the back seat—within reach of the front seat passenger (Millet), as the court found—containing a green leafy substance which appeared to be marijuana. Officer Collier had also detected the same smell coming from the car when he first approached it immediately after it was stopped. The driver had already admitted that he had smoked marijuana about an hour earlier, and when he was confronted with the bag of suspected marijuana which Officer Roberts recovered from the back seat, he said that the bag belonged to Millet and that Millet had brought it into the car. These facts gave Officer Roberts probable cause to arrest Millet.

■ We have said that "[a] defendant's close proximity to drugs in plain view is certainly probative in determining not only whether he knew of the drugs and had the ability to exert control over them, but also whether he had the necessary intent to control (individually or with others) their use or destiny." *Rivas v. United States*, 783 A.2d 125, 128 (D.C.2001) (en banc). Because Officer Roberts recovered the marijuana "in plain view" and from a location "conveniently accessible" to Millet, "the additional evidence necessary to prove constructive possession is comparatively minimal." *Id.* at 137; *see Perkins*, 936 A.2d at 306–307. The marijuana's distinctive smell, along with the driver's statements that he had recently smoked marijuana and that Millet had brought the drugs into the car, provided that additional evidence and supported an inference that Millet was aware of the drugs and had control over them. *See Minnick v. United States*, 607 A.2d 519, 525 (D.C.1992) ("a police officer who smells the identifiable aroma of a contraband drug emanating from a car has probable cause to believe that the car contains a quantity of that drug").[5] *Perkins* tells us that a defen-

---

4. *See United States v. Adell,* 676 A.2d 446 (D.C.1996).

5. We noted in *Minnick* that "[t]his court has repeatedly found probable cause to search an automobile based, at least in part, on an officer's recognition of the smell of drugs." 607 A.2d at 525 (citing cases).

dant's "proximity as an automobile passenger to unconcealed contraband [is] enough to warrant his arrest," 936 A.2d at 308, even though "countervailing factors" in a particular case might require "more probative evidence ... to convict him" of possession of that contraband. *Id.* at 307.

Nor was Millet's arrest unlawful merely because there might have been a question whether the marijuana belonged to him or the driver. *Perkins,* 936 A.2d at 307 ("Ordinarily, then, finding a passenger in a vehicle in arm's reach of unconcealed contraband readily warrants an objectively reasonable belief that the passenger constructively possessed the contraband, whether or not other persons are present in the vehicle" (citing *County Court of Ulster County v. Allen,* 442 U.S. 140, 164–165, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979)); *see Maryland v. Pringle,* 540 U.S. 366, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) (police had probable cause to arrest front seat passenger after they discovered cocaine hidden behind back seat armrest and all three passengers denied ownership).

We hold, accordingly, that the trial court did not err in refusing to suppress the marijuana.[6]

### III

■ Millet also challenges the sufficiency of the evidence supporting his conviction for possession of marijuana. This appeal, however, comes to us not from a judgment entered after a trial, at which a claim of insufficiency might have been preserved, but after a conditional guilty plea as authorized by Rule 11(a)(2). Millet pleaded guilty to possession of a controlled substance following an extended colloquy

with the trial court. At that proceeding he executed a written plea agreement, *supra* note 2, which said nothing about sufficiency of the evidence; on the contrary, it reserved only Millet's "right to appeal the adverse ruling on his motion to suppress."

■ "A defendant who enters a guilty plea ordinarily waives all non-jurisdictional defects in the proceedings below on appeal. ... Failure to specify a particular pretrial issue in the written plea agreement will preclude raising that issue on appeal." *Collins v. United States,* 664 A.2d 1241, 1242 (D.C.1995) (citations omitted). This is so because "[a] valid guilty plea acts as both a conviction of the offense charged and as an admission of all material facts alleged by the government." *In re McConnell,* 502 A.2d 454, 459 (D.C. 1985) (citing *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Such a plea waives " 'all rights and defenses, known or unknown, present or future.' " *Moore v. United States,* 724 A.2d 1198, 1199 (D.C.1999) (quoting *United States v. Fitzgerald,* 151 U.S.App. D.C. 206, 208, 466 F.2d 377, 379 (1972)); *accord, e.g., Edwards v. United States,* 103 U.S.App. D.C. 152, 154, 256 F.2d 707, 709, *cert. denied,* 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958).

■ Millet's written plea agreement preserved his right to seek appellate review of only the trial court's denial of his motion to suppress. The agreement did not preserve for appeal a challenge to the sufficiency of the evidence that he possessed the marijuana. Indeed, that would be legally impossible, since the rule authorizing conditional guilty pleas, *supra* note

---

**6.** Millet's contention that Officer Roberts searched him illegally because she did not intend to arrest him at that time is without merit. The validity of the search depended not on the officer's subjective motivations, but rather on whether there were objective facts

establishing probable cause to believe that Millet had committed or was committing a crime. *See, e.g., Whren v. United States,* 517 U.S. 806, 813–815, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

1, permits a defendant to seek appellate review *only* of "the adverse determination of any specified pretrial motion." Since the sufficiency of the evidence to prove guilt beyond a reasonable doubt can never be raised in a pretrial motion (the issue arises only during trial, after the government has rested its case), the rule on its face precludes appellate review of any claim of evidentiary insufficiency. Millet has therefore waived his right to challenge the sufficiency of the evidence, both expressly (in the plea agreement) and by operation of law (a guilty plea operates as an admission of all material facts alleged by the government and as a waiver of all non-jurisdictional defects in the trial court proceedings).

## IV

The judgment of the trial court is

*Affirmed.*